NELLIE HURLBURT *vs.* SAMUEL SHERMAN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 12th, 1932—decided January 3d, 1933.

*W. Arthur Countryman, Jr.,* for the appellants (defendants).

*Jacob Bresnerkoff,* with whom was *Edward J. Daly,* for the appellee (plaintiff).

BANKS, J. The verdict of the jury in favor of the plaintiff awarded her damages in the sum of $625. Upon motion of the plaintiff the trial court set the verdict aside upon the ground that it was inadequate, but denied the defendants' motion to set it aside on the ground that it was against the evidence. Even though the damages awarded were inadequate, the plaintiff's verdict should not for that reason be set aside if she was not entitled upon the evidence to recover at all. *Johnson* v. *Franklin,* 112 Conn. 228, 152 Atl. 64. It becomes necessary, therefore, to consider, first, whether the court erred in its denial of the defendants' motion to set the verdict aside upon the ground that it was against the evidence.

The jury could reasonably have found the following facts: The defendants were the owners of property at the southeast corner of Westland and Barbour Streets in Hartford, upon which there was located a three-story building. On the first floor of the building were two stores, one of which was a grocery store with an entrance at the corner from which a walk ran in a diagonal direction to the public sidewalk on Barbour Street, and the other a tailor shop with its entrance on Westland Street from which a concrete walk, about four feet and four inches wide and twenty-four feet long, ran to the public sidewalk on Westland Street. The space between these two walks, extending from the face of the building to the public sidewalk on Westland Street, was covered by hard dirt, and was not fenced off from the walks. On December 23d, 1930, the plaintiff, who lived on Westland Street a short distance east of the defendants' property, walked from her house along the south side of

Westland Street until she came to the walk to the tailor shop, which she crossed, and continued across the space between the walks to the grocery store, which she entered to make some purchases. This was the route she customarily took in going to the grocery store. After making her purchases she retraced her steps across the space between the walks, but when she stepped upon the walk to the tailor shop she slipped and fell. There was a coating of ice upon the walk which had been formed thereon by children sliding on the walk for several days, and the ice was covered by a light snow which had fallen that morning. Because of the ice and snow upon it the walk was in a slippery and dangerous condition. The tailor shop was occupied under an oral lease in which no mention was made of the walk. The tenant cleaned the walk when it was cleaned.

The defendants contend that the walk to the tailor shop was not under their control, and therefore they owed no duty to the plaintiff to keep it in a safe condition. Whether the walk to the tailor shop was included in the lease or was retained under the control of the landlord, was a question of fact to be determined in the light of the circumstances of the case including the use made of it and the control exercised by the parties over it and the space in front of the building across which it ran. *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 Atl. 408. That the walk led only to the tailor shop, and that there was no common use of it by a number of tenants, does not require the conclusion that it was not the landlord's duty to keep it in a safe condition. *Killian* v. *Logan,* 115 Conn. 437, 440, 162 Atl. 30; *Brandt* v. *Rakauskas,* 112 Conn. 69, 72, 151 Atl. 315; *Gibson* v. *Hoppman,* 108 Conn. 401, 407, 143 Atl. 635. Moreover, there was evidence from which the jury could reasonably have found that all

the space between the defendant's building and the sidewalk, including the tailor shop walk upon which the plaintiff fell, was used as a common approach to both of the stores in the building. *Lindblade* v. *United States Rubber Co.*, 102 Conn. 396, 128 Atl. 707. That the tenant of the tailor shop assumed the performance of the duty to clear the walk, would not relieve the defendants of their primary responsibility to keep it reasonably safe for travel, if in fact it was a part of the premises under their control. *Reardon* v. *Shimelman*, 102 Conn. 383, 386, 128 Atl. 705.

The defendants also claim that the plaintiff's own testimony shows that she was not in the exercise of due care. She testified that she had seen children slide on the walk before, but did not know it was icy that morning, and that the ice upon which she fell was covered by a slight coating of snow. Under the circumstances there was nothing to attract her attention to the danger in the situation which would require her to take special care when she stepped upon the walk. *Lawson* v. *Waterbury*, 115 Conn. 716, 161 Atl. 667. Whether she exercised due care was a question of fact for the jury.

The court did not err in denying the defendants' motion to set the verdict aside.

As a result of her fall the plaintiff sustained a fracture of her right hip and was in the hospital for four months. For some time prior to the accident she had been suffering from diabetes. Due to the nature of the fracture and the diabetic condition there is only a fibrous union of the bone which does not permit any weight to be put upon the leg, and at the time of the trial there was a ninety per cent disability in the plaintiff's right leg. If her diabetic condition could be cleared up, which is doubtful, an operation might reduce this disability to fifty per cent.

The operation would be a major one, would require her confinement in the hospital for about three months, and involve considerable expense. The plaintiff's hospital bill was $334. At the time of her injury she was employed as a housekeeper, receiving $5 a week and her maintenance. Since her return from the hospital she has been receiving only her maintenance and clothing. An award of damages of $625 is manifestly inadequate compensation for the plaintiff's injuries, which were severe, causing prolonged pain and suffering and probable permanent disability. It was well within the province of the trial court to set aside a verdict which so clearly failed to award the plaintiff adequate compensation for her injuries. *Meyer* v. *Basta*, 102 Conn. 144, 128 Atl. 321.

The complaint was in two counts, the first alleging negligence and the second that the dangerous condition of the walk constituted a public nuisance. In its original charge the court told the jury that whether the plaintiff fell within the street line or beyond it made no difference so long as she fell on the walk to the tailor shop and that was under the control of the defendants. The jury returned for further instructions, in the course of which the court, referring to this portion of the charge, told the jury that it was correct in so far as it related to the count alleging nuisance, but that the plaintiff could not recover upon the count alleging negligence unless she proved that she fell within the street line, that is, upon the premises of the defendants. The defendants claim that the original charge was erroneous and that they were prejudiced notwithstanding the subsequent correction made by the trial judge. No exception is taken to the final instructions to the jury upon this point, and the defendants were not prejudiced if an erroneous

charge was corrected by an unexceptional one before the jury had completed its deliberation.

Other exceptions to the charge were not pursued in oral argument or brief, and it is not necessary to consider them.

There is no error.

In this opinion the other judges concurred.