GUSSIE HENOWITZ *vs.* THE ROCKVILLE SAVINGS BANK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 4th—decided June 8th, 1934.

*William L. Hadden,* with whom, on the brief, were *Clarence L. Hadden* and *Martin Gormley,* for the appellant (defendant).

*David Haymond,* with whom was *Alfred F. Kotchen,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action to recover for injuries claimed to have been received by falling upon the stairway at the entrance to a tenement, in the city of Hartford, owned by the defendant. In her complaint, she claimed to have fallen upon the stairs leading from the city sidewalk into the premises, which she alleged were under the control of the defendant and a common means of access to the tenements in its building. After trial to the court, judgment was rendered for the plaintiff and on this appeal the errors claimed are the finding of the court that the plaintiff was in the exercise of due care and was free from contributory negligence, and two rulings upon evidence.

From the finding, these facts appear: The defendant owned the premises Nos. 493-495 Garden Street, Hartford, consisting of a building housing six families in six separate apartments. The front entrance consisted of three concrete steps located in close proximity to the sidewalk on Garden Street, a substantially level concrete walk and five more concrete steps leading to the front door of the building. This was a common entrance to and exit from the building, and control of it was retained by the defendant. On October 24th, 1932, the plaintiff visited a tenant living on the top floor of the building, and in leaving through the front door used the common exit. In descending the three steps nearest the street, while her left foot was on the top step, she had placed her right foot on the second step and the heel of her shoe became lodged in a crack in the concrete thereon, causing her to lose her balance and to fall. The crack was located on the tread of the step close to the riser and was large enough in length,

width and depth to admit the heel of her shoe. She rarely visited the premises in question and was not acquainted with the condition of the stairway. The trial court has also found that the location of the crack was such that a person leaving the building could not see the defect in the stairway; and while the defendant attacks this finding as having no basis in the evidence, we cannot strike it out because, while little oral testimony supporting it appears in the record, the transcript of evidence shows that several witnesses pointed out the location of the crack upon some steps in the court room, and as it does not appear where they indicated that location to be, we cannot say that the finding did not have support in this evidence. The crack had existed from the middle of September, 1932, to the time of the accident.

The trial court found that the plaintiff was in the exercise of due care and the defendant has made this the first ground of appeal. The plaintiff, in the absence of any notice of a defect in the steps, was entitled to assume that they were reasonably safe and was not obligated to exercise special care in descending them. *Hurlburt* v. *Sherman,* 116 Conn. 102, 106, 163 Atl. 603. Upon the facts detailed in the finding, the determination of this question was one of fact for the trial court. *Wood* v. *Danbury,* 72 Conn. 69, 43 Atl. 554.

In the course of the trial, the plaintiff offered as an exhibit a photograph of the stairway, but because it did not fairly represent the condition as of the date of the accident the court sustained an objection by the defendant to its admission and excluded it from evidence. Thereafter, several witnesses were permitted to use the photograph to refresh their recollection over the objection of the defendant. These rulings are assigned as error. Any memorandum which can in

fact stimulate the present recollection of the witness may be used for that purpose, whether made by the witness or not, whether it be the original or a copy, or whether made at the time of the event testified to, or not. Whether the witness' recollection has been refreshed by the memorandum is in each case a question of fact for the trial court and its conclusion is not reviewable unless there has been a clear abuse of discretion. *Neff* v. *Neff*, 96 Conn. 273, 278, 279, 114 Atl. 126. From the finding and excerpts of evidence in connection therewith, it appears that several witnesses were permitted to use this photograph for the purpose of refreshing the recollection of the witnesses with a view to a designation by them of the particular step upon which the plaintiff fell; but none used it for the purpose of enabling them to describe the location or character of the crack in the steps. There is nothing in the finding which indicates that the trial court abused its discretion in permitting the use of the photograph for this purpose.

The defendant called as a witness an investigator, O'Donnell, who testified that shortly after the accident, in investigating the case, he visited the plaintiff and she told him she had slipped on a banana or orange peel on the step and her son made the same statement to him in her presence. On cross-examination, over the objection of the defendant, the plaintiff was permitted to inquire of the witness whether in the course of his investigation he had not interviewed certain other witnesses of the accident, and if it was not so that none of those witnesses mentioned a banana peel being upon the step when the plaintiff fell. These questions were admissible, if at all, only for the purpose of testing the credibility of the witness as to facts or circumstances inconsistent with his testimony. *McCarthy* v. *Tierney*, 116 Conn. 588, 596,

165 Atl. 807. Even if it be conceded that the questions were improper cross-examination as without the scope of the direct, and as attempting to prove by indirection that the other witnesses of the accident did not observe the banana peel, nevertheless the development of the negative fact did not inject into the case evidence which ought properly to have influenced the court in its decision of the case; *State* v. *Goldberger,* 118 Conn. 444, 173 Atl. 216; *State* v. *Beaudet,* 53 Conn. 536, 539, 4 Atl. 237; *Monroe* v. *Hartford Street Ry. Co.,* 76 Conn. 201, 209, 56 Atl. 498; *State* v. *Mosca,* 90 Conn. 381, 389, 97 Atl. 340; 1 Wigmore, Evidence (2d Ed.) § 21, p. 208; and in addition, as appears from the evidence certified in connection with the request for correction of the finding, all the other witnesses mentioned by O'Donnell as having been interviewed by him, who observed the condition of the stairway at or about the time of the accident, were afterward called by the plaintiff in rebuttal and without objection testified that there was no orange or banana peel on the walk at the time of the accident.

There is no error.

In this opinion the other judges concurred.