MARTHA ADAMS *v.* THE MOHICAN HOTEL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 4th—decided June 9th, 1938.

*Martin E. Gormley,* for the appellant (defendant).

*William L. Hadden,* with whom was *Walter T. Faulkner,* and, on the brief, *Clarence A. Hadden,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff fell while leaving the Meridian Street entrance to the Mohican Hotel in New London and was injured.  The jury returned a verdict of $1500 for her and the defendant's only assignment of error is because of the refusal of the court to set the verdict aside.  It claims that the en-

trance was not in fact unsafe, that the plaintiff was guilty of contributory negligence as a matter of law and that the size of the verdict shows that the jury were unduly swayed by sympathy for the plaintiff.

The construction and condition of the entrance was not in dispute. The main entrance of the hotel is on State Street but there is a side entrance from Meridian Street leading directly to the taproom and cocktail lounge. This side entrance is used by many visitors to the hotel. After passing through the doorway, a person leaving by this side entrance first crosses an iron threshold and stone sill of the combined width of two feet two inches. Then comes a step down with a riser six and one-half inches high. A stone landing three feet two and one-half inches wide extends to the next step down, which has a three and one-half inch riser. From this step the surface consists of dark colored cast iron frames with vault lights set in concrete nearly to the public sidewalk. The plaintiff, who had entered the hotel to make a purchase and was using this entrance for the first time, did not see the second step as she came out, and fell. The accident occurred on a clear summer afternoon. In testing the inferences which the jury were justified in drawing therefrom, the plaintiff is entitled to have her evidence considered in the most favorable view which it could reasonably bear. *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 524, 131 Atl. 501. It is often proper and necessary for the jury to draw inferences from facts in evidence. *Dumochel* v. *Becce*, 119 Conn. 175, 177, 175 Atl. 579.

The plaintiff produced testimony of an architect and of a contractor to the effect that this arrangement of the steps was unsafe. They based their conclusion on the difference in the height of the risers and on the fact that the second single low step was so far

from the first. They further testified that this condition could have been easily remedied by the use of a ramp or by putting the two steps together with risers of equal height. Evidence was also introduced through the occupants of offices across the street that they had seen a great many people stumble and fall at the same place and under the same conditions. It was the duty of the defendant to keep this approach in a reasonably safe condition for the use of its invitees. *Ward* v. *Avery*, 113 Conn. 394, 396, 155 Atl. 502. The plaintiff's evidence was ample to support a finding of negligence. *Tager* v. *Sullivan*, 113 Conn. 417, 419, 155 Atl. 704; *Esserman* v. *Madden*, 123 Conn. 386, 388, 195 Atl. 739.

The main reliance of the defendant is on its claim that the plaintiff was guilty of contributory negligence as a matter of law. The plaintiff testified that she came out of the door preceded by two little girls. She stepped down the first step and thought she was on the main walk. She did not see the second low step. It is plain from the exhibits in evidence that her view coming from the entrance was very different from that of one approaching it. While the iron frame and vault lights just beyond the second step obviously indicated a different surface they did not necessarily indicate a difference in level. The jury could reasonably infer that the appearance of the walk was not such as to put her on notice of the existence of the second step. She was entitled to assume that this public entrance was reasonably safe and was not obligated to use special care. *Smith* v. *Kresge Co.*, 116 Conn. 706, 707, 164 Atl. 206; *Henowitz* v. *Rockville Savings Bank*, 118 Conn. 527, 529, 173 Atl. 221. Whether she exercised due care was a question of fact for the jury. *Hurlburt* v. *Sherman*, 116 Conn. 102, 106, 163 Atl. 603; *Johnson* v. *Pulidy*, 116 Conn. 443, 447, 165 Atl. 355.

The defendant claims that in view of the seriousness of the injuries the small amount of the verdict indicates that the jury rendered a verdict for the plaintiff because of sympathy for her instead of because of a finding of liability on the part of the defendant. The finding of proper compensatory damages for a personal injury is always a difficult matter and not much help can be obtained from other cases because of the differing circumstances. *Goldberg* v. *Mertz,* 123 Conn. 308, 310, 194 Atl. 721. This plaintiff was sixty-five years of age and her principal injury was a broken arm. She spent nearly seven weeks in the hospital, her arm under traction for most of that time. Her special damages were about $800 and she will have no permanent injury. These facts in themselves do not indicate that the jury were influenced by improper considerations in arriving at their verdict.

These arguments were all made to the trial court in support of the motion to set aside the verdict. Its conclusion that, in spite of these considerations, the verdict should stand, is entitled to great weight with us. *Ganter* v. *MacKay,* 120 Conn. 691, 692, 180 Atl. 310.

There is no error.

In this opinion the other judges concurred.