JOHN KISZIW *v.* WILLIAM P. BRAY COMPANY

BALDWIN, DALY, KING, MURPHY and MELLITZ, JS.

Argued April 1—decided April 29, 1958

*Samuel Engelman,* for the appellant (defendant).

*Daniel V. McPadden,* for the appellee (plaintiff).

Mellitz, J. The plaintiff brought this action to recover damages for injuries he sustained while crossing Seaview Avenue, a public highway in Bridgeport. The highway was undergoing reconstruction for the removal of old tracks and the installation of new ones. The work was being done by the defendant under a contract with an industrial firm whose factory abutted the highway. The contract required the defendant to remove the old tracks and the roadbed in the area of the tracks, to install new tracks and to replace the roadbed to form a concrete base to with-

in one and one-half inches of the top of the rails. It further required the defendant to keep the pavement clean until it was surfaced with a coating of asphalt. The defendant engaged a subcontractor to do the asphalt repaving. Before the asphalt coating was applied, the rails of the track were exposed and protruded one and one-half inches above the concrete base. No facilities were provided for the public to use in crossing the excavated area. The plaintiff was injured when he caught his foot on a rail while he was crossing the highway on Saturday night, August 11, 1951. The defendant's subcontractor was to commence its portion of the work on August 14. Except for the asphalt coating, the defendant had completed the reconstruction of the highway by August 11, and on that date it withdrew its guards, watchmen and red lights, except for one lantern which an employee of the defendant had placed at a point two or three hundred feet north of the vicinity where the plaintiff fell. The trial court concluded that the defendant was negligent in leaving the street in a dangerous condition for the week end without any safeguards and that this negligence was the proximate cause of the plaintiff's injuries. The court concluded further that the defendant's contract required it to complete the entire work and that subcontracting the asphalt paving did not relieve the defendant of responsibility.

Three of the defendant's assignments of error attack the finding of the court in various particulars. The paragraphs challenged have ample support in the evidence. Some of the facts which the defendant seeks to have incorporated are neither admitted nor undisputed. Others are immaterial and their addition would not affect the result. *Malone* v. *Steinberg,* 138 Conn. 718, 720, 89 A.2d 213; Maltbie, Conn.

App. Proc., § 157. The finding is not subject to correction.

The defendant claims that the judgment lacks support in the record because there was no evidence that the defendant did any work on the highway on the day the plaintiff was injured and the complaint contains no allegation of control in the defendant. The defendant did not question the legal sufficiency of the complaint until its claims of law were filed with the trial court after the conclusion of the trial. At no point during the trial was there an objection to the admission of evidence on the ground that it was not within the allegations of the complaint. If the complaint was insufficient in the respect now charged, the defect could readily have been obviated by amendment had timely attention been directed to it. The allegations of the complaint that "the defendant was employed . . . to install, lay and/or repair railroad tracks on the street level . . . of the public thoroughfare known as Seaview Avenue" and that "the plaintiff fell and injured himself as a result of the negligence of the defendant, in that the tracks were installed and maintained in such a condition as to constitute an obstruction on the highway, and a hazard to pedestrians," constitute a sufficient allegation of control in the defendant of the area where the work was required to be performed, and adequately apprised the defendant of the nature of the claim the plaintiff was asserting and the cause of action pleaded in the complaint. *Klein* v. *DeRosa,* 137 Conn. 586, 591, 79 A.2d 773; *New Haven* v. *Torrington,* 132 Conn. 194, 199, 43 A.2d 455. The court's conclusion that the defendant's contract required it to complete the entire job was fully supported by the subordinate facts. That the defendant remained in control is implicit in this conclusion and in the find-

ing that the defendant continued to maintain a lantern guarding an excavation in the area and that its subcontractor was not to commence the finishing operation until August 14, 1951.

The principal contention of the defendant is that it was an independent contractor and may not be held liable for negligence, if there was any, in the performance of its work here because, under the principle set forth in *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, 114 Conn. 126, 142, 157 A. 860, and *Mann* v. *Leake & Nelson Co.*, 132 Conn. 251, 254, 255, 43 A.2d 461, the work had been fully completed, and had been accepted by the firm for which the defendant had contracted to do it, before the plaintiff sustained his injuries. The difficulty with this claim is that the court has found that the defendant had not completed the work. The defendant had committed to a subcontractor the portion of the job involving the application of the asphalt surfacing, but the defendant's obligations flowing from its contract did not terminate by reason of its completion of the aspect of the work which it chose to perform itself. The defendant owed an obligation to the public and could not relieve itself of liability by delegating to another the performance of a portion of the work. *Lambert* v. *New Haven,* 129 Conn. 647, 651, 30 A.2d 923; *Hurlburt* v. *Sherman,* 116 Conn. 102, 106, 163 A. 603; *Reardon* v. *Shimelman,* 102 Conn. 383, 386, 128 A. 705. Particularly is this true here, where the work necessarily required precautions for the safety of members of the public lawfully using the public highway. *Campus* v. *McElligott,* 122 Conn. 14, 18, 187 A. 29.

There is no error.

In this opinion the other judges concurred.