[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The complaint alleges that the plaintiffs performed construction clean-up services pursuant to an agreement with the defendant Harry Connick, Jr., for which the plaintiffs have not been paid. The plaintiffs assert causes of action for breach of contract, unjust enrichment and violations of the Unfair Trade Practices Act. Plaintiffs have also brought suit against Anne Marie C. Wilkins ("Wilkins") and Wilkins Management both of Cambridge, Massachusetts, as the agents of Harry Connick, Jr.
The defendants Wilkins and Wilkins Management have filed a Motion to Dismiss the action claiming that the moving defendants are not subject to the jurisdiction of the State of Connecticut and that there was insufficient service of process.
The plaintiffs claim that jurisdiction exists by virtue of a letter written on Wilkins Management stationary to the plaintiffs in Connecticut in which Wilkins referred to prior telephone conversations; stated that "I am willing to pay you" at the stated rate; enclosed a check which was less than the amount owed; requested that the plaintiffs not go to the home of the defendant Connick and requested in all future dealings should be directed to Wilkins "as his manager and lawyer." CT Page 2420
The plaintiffs claim that the moving defendants have filed a general appearance and are therefore precluded from raising the issues stated in the Motion to Dismiss. Under our prior practice the filing of a general appearance could be deemed consent of the jurisdiction of the court and a waiver of all jurisdictional defects. See Johnson v. Zoning Board of Appeals, 116 Conn. 102,107 (1974); Practice Book (1963) Form 527. However, our present rules of practice specifically provide that "(A)ny defendant, wishing to contest court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book Section 142, Accordingly the filing of a general appearance does not constitute consent to a jurisdiction of a court nor a waiver of any jurisdictional defects.
The plaintiffs also claim that the defendants filed a Motion to Strike and a Motion to Dismiss and therefore the defendants have waived their right to assert the matters set forth in the Motion to Dismiss pursuant to Practice Book Sections 112 and 113. A review of the file establishes that a Motion to Dismiss and a Motion to Strike, both raising substantially the same issues, were filed simultaneously by the defendants together with a memorandum of law with respect to the Motion to Strike. The Court has discretion to overlook the simultaneous filing of a Motion to Dismiss and a Motion to Strike. Sabino v. Ruffolo, 19 Conn. App. 402,404 (1989). Accordingly, the court will undertake to determine the issues raised by the Motion to Dismiss.
Jurisdiction is claimed to exist by virtue of the provisions of General Statutes Section 52-59b which provides that the court may exercise personal jurisdiction over any non-resident individual or foreign partnership who "(1) Transacts any business within the state;". The statute does not define the phrase "transacts any business". While "a single purposeful transaction" may be sufficient to confer jurisdiction, courts do not apply a rigid formula but balance considerations of public policy, common sense, and the chronology and geography of the relevant facts. Gaudio v. Gaudio, 23 Conn. App. 287, 298 (1990), cert. den. 217 Conn. 803
(1990).
The present action does not involve claims related to a warranty deed of Connecticut land such as existed in Zartolas v. Nisenfeld, 184 Conn. 471 (1981) nor do the facts raise issues of physical presence within the State of Connecticut such as existed in Computer Assistance, Inc. v. Morris, 564 F. Sup. 1054
(D.Conn. 1983). In determining the existence of jurisdiction the plaintiff must sustain the burden of proof with respect to the Motion to Dismiss. Standard Tallow, Corp. v. Jowdy, 190 Conn. 48,54 (1983). CT Page 2421
The fact that payment was made in Connecticut to a Connecticut resident does not constitute transaction of business within the state. Saving v. Ranier, 898 F. 2nd. Cir. 304 [898 F.2d 304
2nd Cir.], (1990).
The Court rules that the letter written by the defendants to the plaintiffs does not constitute the transaction of business within the meaning of the General Statute 52-59b. Even if the conduct of the moving defendants were held to constitute the transaction of business, the court would still have due process concerns as to whether the moving defendants purposely availed themselves of the privilege of conducting business activities in Connecticut and thereby invoking the benefits and protection of our laws. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, (2 L.Ed.2d 1283, 1290 (1958).
The Court notes that paragraph 7 of the complaint alleges that the defendant, Harry Connick, Jr., Anne Marie Wilkins and Wilkins Management acting separately or in concert, entered into a service agreement to be performed in Connecticut on property located in Connecticut. (emphasis supplied) The Court does not construe such allegations as alleging that the service agreement was made by the moving defendants to be performed in Connecticut. Defendants have also not raised such an issue in any of the documents filed with the Court.
Accordingly, the Motion to Dismiss is hereby granted unless, within two weeks of the date of the issuance of notice hereof, the plaintiffs move to amend the complaint so as to allege that the service agreement was made by either of the moving defendants.
RUSH, JUDGE