[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO CITE AN ADDITIONAL PARTY
The plaintiff seeks damages for injuries arising from a slip and fall incident on a sidewalk leading from the front of the defendant's hotel to its parking lot. The defendant has moved to cite in Walter K. Vining, doing business as Walt's Services — Landscaping and Snow Removal (Vining), alleging that Vining, by virtue of a contract with the defendant to perform snow removal, may be responsible for the plaintiff's injuries. The plaintiff objects to the defendant's motion.
General Statutes § 52-102 is the vehicle to be utilized to apportion liability when the prospective party is or could have been liable to the plaintiff, while § 52-102a should be used to implead the prospective party when that person is or could be liable to the defendant. The facts of this case illustrate this procedural distinction nicely. If Vining owes a duty to the plaintiff, he should be cited in for apportionment purposes, although because the statute of limitations has run, the plaintiff would not be able actually to recover from Vining. Chalet Susse's exposure, however, could be reduced by that percentage of liability, if any, assigned to Vining by the jury. If, on the other hand, Vining owes no duty to the plaintiff which could form the basis of liability to him for his damages, Vining could still be impleaded by the defendant, rather than cited into the plaintiff's case. Procedurally, Vining could then be made to indemnify Chalet for some or all of the damages that Chalet owed the plaintiff.[1]
Under the circumstances of this case, the duty of care owed by Chalet Susse to the plaintiff is one that may not be delegated to Vining. "An innkeeper is required to use reasonable care to keep his inn in a reasonably safe condition for his invitees."Williams v. Milner Hotels Co., 130 Conn. 507, 511, 36 A.2d 20
(1944). "It has been held that the employer of an independent contractor may be vicariously liable for the torts of the contractor . . . [w]here the employer has attempted to shift to a contractor a non-delegable duty. . . . [T]he possessor of land cannot delegate the duty owed to an invitee." D. Wright, J. FitzGerald, W. Ankerman, Connecticut Law of Torts § 67 (1991). See also 40 Am.Jur.2d Hotels, Motels, Etc. § 81 (1968) ("The duties imposed upon an innkeeper for the protection of his guests are nondelegable, and liability cannot be avoided on the ground that their performance was entrusted to an independent contractor.")
Disagreeing with a general contractor's argument that the CT Page 5705 subcontractor was responsible for the plaintiff's injuries, our Supreme Court has stated, "The defendant owed an obligation to the public and could not relieve itself of liability by delegating to another the performance of a portion of the work. . . . Particularly is this true here, where the work necessarily required precautions for the safety of members of the public lawfully using the public highway." Kisziw v. William P.Bray Co., 145 Conn. 272, 276, 141 A.2d 244 (1958).
Because Chalet Susse could not delegate its duty to the plaintiff to keep its premises safe, and because it is responsible to the plaintiff for any negligence on the part of Vining, apportionment is not appropriate. Apportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty. Vining may well have a role to play in this litigation, but apportionment is not a part of the script.[2] Accordingly, the defendant's motion to cite in additional party is denied.
Jonathan E. Silbert, Judge