[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED MOTION TO CITE IN PARTY DEFENDANT
This matter first came before this court in the form of a motion dated June 25, 1996 to Cite in Party Defendant by means of a complaint captioned Third-Party IndemnificationApportionment/Complaint. The defendant was seeking to implead the snow remover contractor. That motion was denied on procedural grounds when it was argued to the court at the September 3, 1996 short calendar. Subsequently on February 21, 1995 the defendant Corporate Center brought a separate indemnification action against the snow remover contractor Jefferson Hodges. The instant motion dated September 20, 1996, seeks to cite in the snow remover contractor Jefferson Hodges as a party defendant for apportionment purposes in the instant action which is a suit by a tenant-employee against the owner of the office complex for CT Page 1001 injuries sustained in a fall in the parking area servicing the office building.
The Motion to Cite in Party Defendant is denied on the grounds that the duty of care owed by the defendant landowner to the plaintiff cannot be delegated to the contractor. Apportionment, therefore, is not appropriate. This court adopts as the basis for its ruling the well reasoned decision of HermanWood v. Chalet Susse International, 1995 Ct. Sup. 5703,14 CLR 187, No. CV94 0245585S, Superior Court, Judicial District of New Haven at Meriden (Silbert, J.) which is on all fours with the instant case.
Mary R. Hennessey, Judge