[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ON TO STRIKE #107
On March 23, 1998, the plaintiff, Joan Uliano, filed a complaint against East Hill Woods, Inc., the owner and operator of a health care facility, alleging that she sustained injuries when she slipped and fell on ice in the parking lot of the facility. On June 16, 1998, the defendant filed its answer and special defense.
On August 6, 1998, the defendant filed an apportionment complaint against Michael DiGiovanni d/b/a Michael's Garden Center a/k/a Michael and Sons Outdoor Maintenance (Michael's). The defendant alleges that it had a contract with Michael's for the clearing of ice and snow and sanding of driveways and parking areas at its facility, that the plaintiff's injuries were caused by the negligence of Michael's in failing to adequately perform under the contract and that liability should therefore be apportioned between the defendant and Michael's pursuant to General Statutes § 52-102b.[1]
On August 27, 1998, Michael's filed a motion to strike the defendant's apportionment complaint on the ground that the complaint fails to state a cause of action upon which relief can be granted. In its memorandum in support of the motion to strike, Michael's argues that the defendant owed the plaintiff, as an invitee, a nondelegable duty to keep its premises reasonably safe and, therefore, apportionment is inappropriate. On September 3, 1998, the defendant filed a memorandum in opposition to the motion to strike, arguing that an independent contractor is liable for work negligently performed.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal CT Page 12986 conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS. Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljiedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). However, the court must construe the "complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d 1 (1991). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752
(1988).
There appears to be a split among the superior courts on the issue of whether an independent contractor can be held liable, or cited in for apportionment purposes, where the landowner has delegated to the contractor the job of clearing ice and snow from the landowner's property. One line of cases holds that where a nondelegable duty exists, an independent contractor cannot be held liable to the plaintiff for damages, and therefore apportionment is inappropriate. See Wood v. Chalet SusseInternational, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995) (Silbert, J.) (14 CONN. L. RPTR. 187); see also Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998) (Stodolink, J.) (21 CONN. L. RPTR. 651); Fuda v.Judd Square Associates, Superior Court, judicial district of New Haven at Meriden, Docket No. 251564 (August 18, 1997) (DiPentima, J.) (20 CONN. L. RPTR. 285); Stockton v. Corporate Center WestAssociates. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544437; (February 6, 1997) (Hennessey, J.) (19 CONN. L. RPTR. 118). The other line of cases holds that since the general rule is that where the owner of premises employs an independent contractor to perform work, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work, apportionment of liability is therefore proper. See Dowd v. Jack, superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998) (Leheny, J.); Schweitzer v. Andover Limited Partnership, Superior Court, judicial district of New Haven at New Haven, Docket No. 280420 (September 6, 1990) (Hadden, J.). An analysis of CT Page 12987 these cases indicates that the more persuasive reasoning, as applied specifically to the facts of the present case, is derived from the latter line of authority.
In Stockton v. Corporate Center West Associates, Inc., supra,19 CONN. L. RPTR. 118, the court denied the defendant's motion to cite in a snow removal contractor by way of a "Third-Party Indemnification Apportionment/Complaint" in a suit by a tenant-employee of the defendant. The court determined that apportionment was inappropriate because "the duty of care owed by the defendant landowner to the plaintiff cannot be delegated to the contractor," adopting as the sole basis for its ruling the decision in Wood v. Chalet Susse International, supra,14 CONN. L. RPTR. 187. Similarly, the courts in both Lobovits v. Nemeth,supra, 21 CONN. L. RPTR. 651, and Fuda v. Judd Square Associates,supra, 20 CONN. L. RPTR. 285, disallowed apportionment complaints against snow removal contractors based almost entirely upon the same reasoning in Wood.
In Wood v. Chalet Susse International, the court denied the, defendant's motion to cite in a snow removal contractor because "the duty of care owed by [the defendant] to the plaintiff is one that may not be delegated to" the contractor. The court cited to cases and other authority outlining the specific duty of innkeepers to invitees. See Wood v. Chalet Susse International,supra, 14 CONN. L. RPTR. 188, quoting Williams v. Milner HotelsCo., 130 Conn. 507, 511, 36 A.2d 20 (1944) ("[a]n innkeeper is required to use reasonable care to keep his inn in a reasonably safe condition for his invitees") and 40 Am.Jur.2d, Hotels, Motels, Etc. § 81 (1968) ("The duties imposed upon an innkeeper for the protection of his guests are nondelegable, and liability cannot be avoided on the ground that their performance was entrusted to an independent contractor."). The court also quoted language from Kisziw v. William P. Bray Co.,145 Conn. 272, 141 A.2d 244 (1958), for the proposition that the court in that case disagreed with a general contractor's argument that a subcontractor was responsible for injuries suffered by the plaintiff: "The defendant owed an obligation to the public and could not relieve itself of liability by delegating to another the performance of a portion of the work. . . Particularly is this true here, where the work necessarily required precautions for the safety of members of the public lawfully using the public highway." Wood v. Chalet Susse International, supra,14 CONN. L. RPTR. 188, quoting Kisziw v. William P. Bray Co., supra,145 Conn. 276. In addition, the court in Wood relied upon a quote CT Page 12988 from D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991), asserting that "[i]t has . . . been stated that the possessor of land cannot delegate the duty owed to an invitee." Wood v. Chalet Susse International, supra,14 CONN. L. RPTR. 188, quoting D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts § 67 (3d Ed. 1991), p. 178.
The authority relied upon by the court in Wood is either inapplicable to the present case or is unpersuasive in the context of the present case and, therefore, Wood and its progeny are inapposite. Wood is distinguishable from the present case because the defendant in Wood was an inn, and the court engaged in an analysis under the specific duty of an innkeeper to his guests. In addition, although Kisziw v. William P. Bray Co. may have been considered pertinent to the Wood court based upon the facts in that case, it is inapplicable to the present case for reasons. First, the defendant in Kisziw was an independent contractor and not a landowner like the defendant in the present case. Second, the court in Wood mischaracterized the defendant's argument in Kisziw. The argument was not that the subcontractor was responsible for the plaintiff's injuries; rather, the defendant's argument was that its portion of the work was completed and, under an exception to the general rule that an independent contractor may be liable for negligent performance, where the job has been fully completed by the contractor and is accepted by the firm for which the contractor works, the contractor is absolved of liability. See Kisziw v. William P.Bray Co., supra, 145 Conn. 276.[2]
Moreover, although D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts § 67 (3d Ed. 1991), p. 178, appears to indicate that a possessor of land cannot delegate the duty owed to an invitee, the authors provide no authority in support of this proposition. Nor does a review of Connecticut Appellate and Supreme Court case law reveal such a rule of law. Although "[a] possessor of land has a duty to an invitee to reasonably inspect and maintain the premises in order to render them reasonably safe"; Morin v. Bell Court Condominium Assn., Inc.,223 Conn. 323, 327, 612 A.2d 1197 (1992); "[t]he general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work." Darling v. Burrone Bros., Inc.,162 Conn. 187, 196, 292 A.2d 912 (1972); see also Schweitzer v.Andover Limited Partnership, supra, Superior Court, Docket CT Page 12989 No. 280420 (denying motion to strike filed by defendant independent contractor, who was responsible for ice and snow removal, on basis that independent contractor and not owner of premises is liable for negligence in contractor's performance of ice and snow removal).
Indeed, in Dowd v. Jack, supra, Superior Court, Docket No. 323612, cited by the defendant in the present case, the court denied an independent contractor's motion for summary judgment on the defendant's apportionment complaint, which alleged negligence against the contractor for improperly clearing snow and ice, because "an independent contractor is liable to anyone who may be foreseeably injured by the contractor's negligence." Id., citing Minton v. Krish, 34 Conn. App. 361, 367-68, 642 A.2d 18
(1994). Since "an apportionment complaint brought pursuant to [§] 52-102b which seeks an apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence"; (internal quotation marks omitted) Dowd v. Jack,supra, Superior Court, Docket No. 323612; the court in Dowd determined that the apportionment complaint was proper. Id.
The defendant in the present case seeks to cite in the independent contractor, who assumed the duty to properly plow and and the defendant's parking area, for purposes of apportioning liability between it and the contractor. The defendant has alleged in its apportionment complaint that Michael's breached that duty. The jury may apportion liability and hold the defendant 100% liable for any damages to the plaintiff if it finds the independent contractor free of negligence. Or the jury may reduce the defendant's liability by the amount of negligence it finds was contributed by the independent contractor. In either case, permitting the defendant to seek apportionment of liability serves the purpose of § 52-102b, which entitles a defendant to an apportionment where another party may be liable for a proportionate share of the plaintiff's damages. Therefore, Michael's motion to strike is denied.
Because Michael's may be responsible for a proportionate share of the plaintiff's damages since the defendant has properly alleged that Michael's is a proximate cause of such damage, in conformity with General Statutes § 52-102b, Michael's motion to strike the defendant's apportionment complaint is denied.
GROGINS, J. CT Page 12990