[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3499
This action arises out of a slip and fall which allegedly occurred in the parking area of an apartment complex. The plaintiff alleges that she suffered injuries because the owner of the premises, Connecticut Mortgage Corporation (Connecticut Mortgage), failed to remove snow and ice from the parking area. Connecticut Mortgage has filed a revised apportionment complaint against a tenant of the apartment complex, Peter Van Sant. Count two of this complaint asserts that Van Sant exercised control over a walkway path leading to the parking lot. It continues by reciting that the plaintiff's injuries were caused by Van Sant's failure to clear ice and snow from the walkway.[1]
Van Sant now moves to strike the second count of the apportionment complaint on the ground that the duty that Connecticut Mortgage owes to the plaintiff is nondelegable. Van Sant's memorandum, however, concedes that a landlord's duty only extends to those parts of the premises over which the landlord has retained control. See Hurlburt v. Sherman, 116 Conn. 102,106, (1933); Reardon v. Shimelman, 102 Conn. 383, 386, (1925). See also Gore v. People's Savings Bank, 235 Conn. 360, 374, (1995). Unlike Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn. L. Rptr. 187), this case involves a tenant who maintained control over the area in question.
Therefore, because the revised apportionment complaint alleges that Van Sant exercised control over the walkway, the motion to strike must be and is hereby denied.
Moraghan, J.