[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION IN RESPONSE TO MOTION FOR ARTICULATION
The plaintiffs, Peter Benedetto and Annette Benedetto, have filed a motion for articulation of this court's decision dated June 17, 1999, which granted a motion for summary judgment (# 173) filed by the apportionment defendant, J. R. Maintenance Service (J. R. Maintenance).
The plaintiffs' original complaint was brought against the Stamford Transit District and Bustop Shelter Group (Bustop). The plaintiff Peter Benedetto claims he was injured after falling on ice and snow at a bus stop owned and maintained by those defendants. The defendant Bustop thereafter filed an apportionment complaint against J. R. Maintenance, a snow and ice removal contractor, that had been hired to remove snow and ice from the bus stop where the plaintiff allegedly fell. The plaintiffs then amended their complaint to bring a direct action against J. R. Maintenance as well as the original two defendants.
J. R. Maintenance moved for summary judgment as to both the apportionment complaint by Bustop and the direct action brought against it by the plaintiffs. The motion for summary judgment was granted by this court and is now on appeal to the Supreme Court.
In their motion for articulation, the plaintiffs appear to criticize the court's decision on the grounds that: (1) it was only "one paragraph;" (2) it stated that the motion for summary judgment was granted "in its entirety;" (3) the court did not set forth the "factual and legal basis for its decision," but rather simply adopted the moving party's "factual or legal conclusions;" and (4) the decision did not discuss the third and fourth claims made by J. R. Maintenance in its motion for summary judgment. The two claims were described by the plaintiffs as asserting a statute of limitations defense and that the direct claims were "inappropriate because the apportionment complaint was improper."
First, in this particular case the court decided that the JDNO format, a short paragraph deciding the motion, was appropriate. The JDNO format was used because it properly addressed the issues raised by the parties and apprized the parties of their rights in an efficient and expeditious fashion. CT Page 15350
Second, the court stated that the motion for summary judgment was granted in its entirety. J. R. Maintenance's motion had two aspects, one relating to the apportionment complaint by Bustop and the other to the direct claim by the plaintiffs. Summary judgment entered in favor of J. R. Maintenance as to both complaints which was why the decision stated that the motion was granted in its entirety.
Third, the court did set forth a proper a factual and legal basis for its decision as it stated that apportionment was not appropriate because the named defendants as owners and/or in control of the bus stop area could not delegate the duty owed to the plaintiffs to a third party such as J. R. Maintenance. The decision went on to cite the case that was relied on for this proposition, Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn. L. Rptr. 187).
Fourth, the third claim of J. R. Maintenance referred to in its motion for summary judgment was not discussed because summary judgment was granted on the ground that apportionment was not proper for the reason that the defendants are responsible to the plaintiffs for J. R. Maintenance's alleged negligence. It was, therefore, not necessary to rule on the statute of limitations defense for the granting of summary judgment.
Moreover, as to the fourth claim, the motion by J. R. Maintenance was granted in "its entirety," including the direct action by the plaintiffs, because once the apportionment complaint was deemed to be improper, there was no basis for a direct claim by the plaintiffs pursuant to General Statutes §52-102b(d). A plaintiff may assert a claim against an "apportionment defendant," but if there is no such person or party, it seems self-evident that there can be no such claim by a plaintiff. Hence, the fourth claim in the motion for summary judgment was encompassed within the decision regarding the propriety of the apportionment complaint filed by Bustop.
The plaintiffs filed a supplemental memorandum dated February 9, 1999, calling this court's attention to Uliano v. East HillWoods, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn. L. Rptr. 335). The case was cited for the proposition that an independent contractor's duty to a third party is not CT Page 15351 abolished because a property's owner's duty is nondelegable. The plaintiffs, however, failed to note, or chose to ignore, a decision by Judge Moraghan on the very same page of the Connecticut Law Reporter on which the Uliano case appeared. Judge Moraghan came to the opposite conclusion in Prince v. Waldbaum's,Inc., Superior Court, judicial district of Danbury, Docket No. 330786 (November 16, 1998) (23 Conn. L. Rptr. 335). The court struck an apportionment complaint by the property owner against its snow and ice removal contractor because a landowner cannot delegate the duty it owes to an invitee. In coming to its conclusion the court relied on Wood v. Chalet SusseInternational, supra, 14 Conn. L. Rptr. 187, for the proposition that "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty." Prince v. Waldbaum's,Inc., supra, 23 Conn. L. Rptr. 335.
Judge Grogins does note in Uliano v. East Hill Woods, Inc., supra, 23 Conn. L. Rptr. 336, that there is "a split among the superior courts on the issue of whether an independent contractor can be held liable, or cited in for apportionment purposes, where the landowner has delegated to the contractor the job of clearing ice and snow from the landowner's property." This court aligns itself with the decisions finding the landowner's duty nondelegable. This split of authority is, therefore, what probably motivated the Supreme Court to assert jurisdiction over this appeal.
Dated at Stamford, Connecticut, this 17th day of November, 1999.
William B. Lewis, Judge