[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of an alleged slip and fall on snow and ice by the plaintiff, Yolanda Garcia, on January 17, 1999, on the premises owned by the defendant, Fairmount Heights Associates Limited Partnership, at 50 Lester Drive in Waterbury, Connecticut. The plaintiff filed a complaint on February 1, 2000, claiming injuries and losses caused by the negligence and carelessness of the defendant in failing to maintain the exterior steps and walkways of said premises in a reasonably safe condition. Subsequently, the defendant filed an apportionment complaint alleging negligence on the part of a tenant, Arlene Young. The defendant contends that the exterior steps where the plaintiff allegedly fell were in the control of the apportionment defendant. The plaintiff now moves to strike on the ground that the defendant is improperly attempting to apportion its nondelegable duty to maintain the premises, which it owned.
As required by Practice Book § 10-42, the plaintiff has filed a memorandum in support of her motion to strike, and the defendant has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted) Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted) Id.
The plaintiff contends that the defendant is improperly attempting to apportion its non-delegable duty to maintain the premises, which it owned and upon which the plaintiff fell, arguing that the defendant's proper recourse is indemnification. The plaintiff relies upon snow removal contractor cases in arguing that the law on the nondelegable duty of a landlord to remove snow and ice is clear, and that the landlord's CT Page 11269 inability to apportion liability is clear. The defendant argues that the apportionment defendant was a tenant in control of the stairway upon which the plaintiff alleges she slipped and fell. The defendant further argues that the tenant owes the plaintiff an independent duty and, therefore, may be brought into the action for apportionment purposes.
There is a split of authority among the judges of the superior court as to whether the owner of premises may bring a snow removal contractor into a negligence action for apportionment purposes. In this case, however, it must be determined whether the landlord of premises may bring a tenant
into a negligence action for apportionment purposes. "The word `owner' . . . is not a technical term and, thus, is not confined to a person who has the absolute right in a chattel, but also applies to a person who has possession and control thereof." State v. Losacco, 12 Conn. App. 172,177, 529 A.2d 1348 (1987). "[L]andlord-tenant law generally presumes that a landlord retains possession, control, and responsibility for all common areas in leased premises. . . ." Id. See also General Statutes § 47a-7
(a)(3) (statute governing landlord's responsibilities) General Statutes § 47a-11 (b) states in relevant part that: "a tenant shall . . . keep such part of the premises that he occupies and uses as clean and safe as the condition of the premises permit. . . ."
In Mullin v. Connecticut Mortgage Corp., Superior Court, judicial district of Danbury, Docket No. 330173 (March 24, 1999, Moraghan, J.), the court denied a motion to strike an apportionment complaint on the basis that the plaintiff alleged that the tenant maintained control of the walkway leading to the parking area, where the plaintiff's injuries occurred. The court observed that "a landlord's duty only extends to those parts of the premises over which the landlord has retained control." Id., citing, Hurlburt v. Sherman, 116 Conn. 102, 106, 163 A. 603
(1933); Reardon v. Shimelman, 102 Conn. 383, 386, 128 A. 705 (1925). In this case, the defendant has alleged in its apportionment complaint that the exterior steps, where the plaintiff allegedly fell, were in the control of Arlene Young, the apportionment defendant.
This case is distinguishable from the snow removal cases involving independent contractors because in those cases an owner seeks to delegate a nondelegable duty by hiring another to maintain the premises in a safe condition. As previously noted, there is a split of authority in such cases. "One line of cases holds that a defendant in possession of the premises has a nondelegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor." Riggione v.Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.) (granting motion to strike on this theory). See also Duerr v. Sage Associates, Superior CT Page 11270 Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999, Martin, J.).
Riggione v. Kmart Corp., supra, also notes the opposing view that the "independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes." Id. See, e.g., Gulisanov. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson,J.) (25 Conn.L.Rptr. 203); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335).
In the present matter, the defendant landlord is seeking to apportion its liability to a tenant, who allegedly exercised control over the exterior stairs of 50 Lester Drive in Waterbury, Connecticut where plaintiff's injuries allegedly occurred. Because the defendant has alleged that the tenant exercised possession and control over the area in question, the plaintiff's motion to strike the apportionment complaint is denied.
___________________, J. PETER EMMETT WIESE