## ELIZA DOOLEY *vs.* THE CITY OF MERIDEN.

A city held liable for an injury from the slippery condition of a sidewalk by reason of ice upon it, where the city had been guilty of negligence in the care of the walk.

CASE, for an injury from a defective sidewalk of the defendant city; brought to the Court of Common Pleas of New Haven County, and tried to the court, on the general issue, before *Peck*, Acting Judge. Facts found and judgment rendered for the plaintiff, and motion in error by defendants. The case is sufficiently stated in the opinion.

*R. Hicks*, for the plaintiffs in error, cited *Stanton* v. *City of Springfield*, 12 Allen, 570; *Nason* v. *City of Boston*, 14 id., 508; *Luther* v. *City of Worcester*, 97 Mass., 268; *Gilbert* v. *City of Roxbury*, 100 id., 185, 187; *Cook* v. *City of Milwaukee*, 2 Wisc., 270; *Perkins* v. *City of Fond du Lac*, 34 id., 435; *City of Rockford* v. *Hildebrand*, 61 Ill., 156; *Landolt* v. *City of Norwich*, 37 Conn., 615.

*H. Stoddard*, for the defendant in error.

FOSTER, J. From the finding of facts in this case it appears that the plaintiff, on the morning of the 13th of January, 1875, was on her way to a factory in Meriden, where she was employed, about a mile distant from her home. She was passing over the customary route from her home to her work. While walking along the sidewalk on Main street, between Broad and Center streets, and in the exercise of ordinary care, by reason of the formation of snow and ice in front of the property of Mrs. Hiram Bradley, she slipped and fell, breaking her wrist, and sustaining some other injuries. There was a gradual descent of the ground from Broad to Center streets; and Main street, at the place where the injury occurred, was the principal thoroughfare in the city of Meriden. The sidewalk in question was the only one in general use; the walk on the other side of the street had been for some days, and then was, in process of reconstruction, and was not used by foot passengers.

The weather had been clear for three or four days previous to the accident, except the night immediately preceding, during which there was a very light fall of fleecy snow, which perhaps partially covered the ice on the walk where the plain-

tiff fell.   Above and below the property of Mrs. Bradley the sidewalk had been and was kept clear of snow and ice, prior to and at the time when the plaintiff sustained her injuries.

The flagged walk in front of the premises of Mrs. Bradley was ten feet wide, and thirty-five feet in length, and was covered the whole width, for almost the entire length, with a solid coat of ice, varying from one to three inches in thickness, and of an uneven and irregular surface, but in some places smooth and slippery.   The walk had been in this condition, which the finding says was very dangerous, for about a week before the accident.   No attempt had been made to clear off the ice, though the weather had been so mild after it formed that it could have been removed by the most ordinary methods.   No gravel or other substance had been placed on the walk to make it more safe, but it had been permitted by the defendants to be and remain in this dangerous condition.

A bank of snow, from two to three feet high, had been piled upon the outer side of the gutter, and there was no opening through which the plaintiff could pass to the road, and thereby avoid crossing the ice in question.   On the afternoon of the same day, or on the day following the accident, the walk was cleared off by the owner of the adjoining premises.   The defendants were duly notified in writing, as required by the statute, of the injury, and the time and place of its occurrence, within the prescribed time.

The court below rendered judgment in favor of the plaintiff.

However the law may be elsewhere, as to the liability of cities and boroughs for injuries sustained on account of ice formed on the sidewalks in their respective limits, we must regard the principles recently enunciated by this court in the case of *Congdon* v. *City of Norwich*, 37 Conn., 414, as establishing the law of Connecticut, and decisive of this case.   The law as laid down in *Landolt* v. *City of Norwich*, id., 615, decided by the Superior Court, is also applicable to this case.

Applying the law as declared in these cases to the facts detailed on the record before us, but one result seems possible, and that is the one arrived at by the court below, a judgment in favor of the plaintiff.   There is hardly a fact which would

go to impose a liability, that is not found proved against the defendants, in the very minute, explicit, and full finding of facts, of which we have given a summary.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.