## LITTLE *v.* WIRTH.

(New York Superior Court—General Term, December, 1893.)

The owner of a tenement is not liable to a tenant for injuries sustained by slipping upon ice on the walk or stoop. The remedy, if any, is against the municipality for neglect.

APPEAL from judgment entered upon decision sustaining demurrer to the complaint.

The following is the opinion of the court below:

"McADAM, J. Applying the maxim '*causa proxima non-remota spectatur*,' the plaintiff is without a cause of action against the defendant, unless the latter, as owner of a tenement, is liable to the plaintiff as her tenant because she slipped upon the ice on the walk or stoop of her house, and there is no such liability. The authorities are uniform that there is no duty on the part of an owner to a tenant, or the public, to remove from the steps or walk the ice and snow which naturally accumulates thereon. *Woods* v. *Cotton Co.*, 134 Mass. 357; *Watkins* v. *Goodall*, 138 id. 533; *Purcell* v. *English*, 86 Ind. 34; 44 Am. Rep. 255; *Shindelbeck* v. *Moon*, 32 Ohio St. 264; 30 Am. Rep. 584. And in our state, see *Fuchs* v. *Schmidt*, 8 Daly, 317; *Moore* v. *Gadsden*, 93 N. Y. 12; 87 id. 84; *Wenzlick* v. *McCotter*, Id. 122; *City* v. *Campbell*, 123 id. 405. If the plaintiff has any remedy she must seek it from the municipality for neglect. The demurrer must be sustained and judgment directed in favor of the defendant, with costs."

*Joseph H. Fargis*, for plaintiff (appellant).

*Welch & Daniels* (*George S. Daniels*, of counsel), for defendant (respondent).

*Per Curiam.* The judgment appealed from was entered in due conformity with the order sustaining the demurrer, and the notice of appeal does not ask for a review of the order. But independently of that the judgment is right upon the merits,

and should be affirmed upon the opinion rendered by the learned judge below.

Judgment affirmed, with costs.