### LITTLE v. WIRTH.

(Superior Court of New York City, General Term. December 29, 1893.)

LANDLORD AND TENANT—LIABILITY OF LANDLORD FOR ICY SIDEWALK.
  The owner of a tenement house owes no duty to a tenant to remove ice and snow from the sidewalk in front of the premises.

Appeal from special term.

Action by Hannah Little against Rosa Wirth, sued as Rosa Wuth, to recover damages for injuries caused by falling on the sidewalk in front of a tenement house owned by defendant, and of which plaintiff was a tenant. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

The opinion of McADAM, J., on sustaining the demurrer, is as follows:

Applying the maxim, "causa proxima non remota spectatur," the plaintiff is without a cause of action against the defendant, unless the latter, as owner of a tenement, is liable to the plaintiff, as her tenant, because she slipped upon the ice on the walk or stoop of her house; and there is no such liability. The authorities are uniform that there is no duty on the part of an owner to a tenant or the public to remove from the steps or walk the ice and snow which naturally accumulates thereon. Woods v. Cotton Co., 134 Mass. 357; Watkins v. Goodall, 138 Mass. 533; Purcell v. English, 86 Ind. 34; Shindelbeck v. Moon, 32 Ohio St. 264. And in our own state, see Fuchs v. Schmidt, 8 Daly, 317; Moore v. Gadsden, 93 N. Y. 12, 87 N. Y. 84; Wenzlick v. McCotter, Id. 122; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937. If the plaintiff has any remedy, she must seek it from the municipality for neglect. The demurrer must therefore be sustained, and judgment directed in favor of the defendant, with costs.

· · Argued before FREEDMAN and GILDERSLEEVE, JJ.

J. H. Fargis, for appellant.

Welch & Daniels, for respondent.

PER CURIAM. The judgment appealed from was entered in due conformity with the order sustaining the demurrer, and the notice of appeal does not ask for a review of the order. But, independently of that, the judgment is right upon the merits, and should be affirmed upon the opinion rendered by the learned judge below. Judgment affirmed, with costs.