GIANPAOLA v. PAOLI.

(Supreme Court, Appellate Term.    April 13, 1911.)

1. LANDLORD AND TENANT (§ 164*)—INJURIES—DEFECTS IN PREMISES.

Unless the condition of the premises by which a tenant was injured was due to the landlord's negligence, or could have been remedied by reasonable care, the tenant cannot recover therefor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

2. LANDLORD AND TENANT (§ 164*)—PREMISES—INJURIES TO TENANT—NEGLI-GENCE.

That the steps of premises were covered with ice is not negligence by the landlord, unless the ice was permitted to accumulate thereon through his negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

3. LANDLORD AND TENANT (§ 169*)—PREMISES—INJURIES TO TENANT—AC-TIONS—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

In an action against a landlord for injuries claimed to have been caused by slipping on an icy stoop, evidence *held* not to show that the landlord negligently permitted the ice to accumulate thereon.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Amedo Gianpaola against Alessandro Delli Paoli. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Ralph W. Botham (Floyd K. Diefendorf, of counsel), for appellant. Charles S. Rosenthal (Jacob I. Berman, of counsel), for respondent.

LEHMAN, J. Plaintiff has recovered for loss of his wife's services from injuries caused by falling upon premises of the defendant by reason of the alleged slippery and icy condition maintained by the defendant on a stoop on said premises. Plaintiff's wife slipped on the ice on the stoop of the house where she was a tenant. If the ice was due to any condition the maintenance of which would be chargeable against the defendant as negligence, there should be no difficulty in obtaining the testimony of tenants of the tenement house who would be obliged to ascend the stoop to reach their apartments, yet there is absolutely no testimony to show that the ice was not due solely to the condition of the weather. The plaintiff testifies, it is true, "The stoop was all dirty on account of ice," and "it was dirty several days before"; but in answer to the next question, "What do you mean by dirty?" he answered "It was full of ice and snow." Thereafter on recross-examination he testified, "Several days before that it was always full of ice." The wife herself testified, "There was ice on the last step," and gave no other description of the stoop.

Sabato Carbone says, "I saw *fresh* ice on the steps of the stoop,"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and on the previous day "it was covered with ice," and "the *ice began to fall two days before that.*" "*As the snow was falling the ice was freezing.*"

Diodorus Salvatore testified, "There was ice on the step, and there was also ice on the sidewalk," and about two hours before the accident "it was full of ice." On cross-examination, in answer to the question, "And at the time when you looked there, was the ground covered with ice?" he stated, "Everything was full of ice." This is absolutely the only evidence produced by the plaintiff to show that the defendant was negligent.

In view of the fact that it appears from the official weather reports' that for two days previous to the accident the weather had been inclement, that sleet and rain fell and froze on the ground, and that the streets were covered with ice, I fail to see how the testimony that two days before the accident and at the time of the accident the stoop was covered with ice is any evidence of negligence.

[1] Where the proof fails to show a condition due to the landlord's negligence or which could have been remedied by reasonable care on his part, the plaintiff should not be permitted to recover.

[2, 3] It is well established that the mere fact that the steps were covered with ice is insufficient to hold the landlord, unless the ice was permitted to accumulate there through his negligence, and in this record I find no proof of such a fact.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.