ELIZABETH G. REARDON *vs.* ABRAHAM SHIMELMAN.

*First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A landlord who rents the apartments in his buildings to various tenants, reserving to himself control of the common approaches, is obligated to use reasonable care to keep such approaches reasonably safe for the use of the tenants; and he is liable for a breach of that duty, even though its performance has been delegated to, or assumed by, another.

This obligation extends to all those who have lawful occasion to visit the tenants for social or business purposes, not because of the express or implied invitation extended to such visitors by the tenants, but because their use of the premises is an integral part of the tenancy and is for the mutual benefit of landlord and tenant alike.

There is no logical basis for a distinction, drawn by the courts in certain jurisdictions, between a condition of danger in such common approaches caused by an accumulation of ice and snow, and any other defect; therefore, when the landlord knows, or should know, of the existence of a dangerous condition of that nature, it is his duty to exercise reasonable care to provide against injury by reason of it.

Whether or not it is contributory negligence for a person to continue walking upon an icy surface after becoming aware of its slippery condition, presents a question of fact.

A verdict should not be directed where the jury, upon the evidence, might reasonably reach the opposite conclusion.

Argued January 6th, reargued March 3d—decided April 22d, 1925.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence in maintaining a common approach to his apartment house in such a slippery condition that the plaintiff fell while using said approach as an invited guest, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* the court directed a verdict for the defendant, and from the judg-

*See volume for the January Term, 1925, first district, for the records and briefs.

ment thereon the plaintiff appealed.  *Error and new trial ordered*

*John A. Danaher*, for the appellant (plaintiff).

*Philip Roberts*, for the appellee (defendant).

MALTBIE, J.  This action was originally brought against Abraham Shimelman, and it was alleged that he owned the premises in question.  Later a stipulation was filed in which it was provided that the "writ, summons and complaint may be amended" by adding two other parties as defendants and that "said action may proceed to final judgment as if due and timely service had heretofore been made upon all of said above named parties."  No action by the court was ever taken in regard to this stipulation nor was any amendment filed; and both the verdict and the judgment, following the only allegation of ownership in the pleadings, that above noticed, run against Shimelman alone.  The evidence shows that the other two persons mentioned in the stipulation were joint owners of the premises with Shimelman, and, lacking any allegation of sole occupancy or particular obligation of oversight upon his part, a question might fairly arise as to the possibility, upon this record, of holding Shimelman alone liable.  *Low* v. *Mumford*, 14 Johns. (N. Y.) 426; *Baker* v. *Fritts*, 143 Ill. App. 465.  This question is not, however, before us and we merely notice it that, on the return of the case, a proper amendment may be made.  We shall follow the case made upon the pleadings and regard Shimelman as the sole defendant and the owner of the premises in question.

The appeal is taken from the action of the trial court in directing a verdict for the defendant.  There is substantially no dispute as to the facts and the jury might

well have found them to be as follows: The defendant owned two contiguous buildings which were divided into apartments rented to various tenants, four families living in one and three in the other. Between the buildings was an open space and one means of approach to both was a walk leading from the street into that space, with various offshoots to the side and rear entrances of the buildings. The renting of the apartments and the general care of the premises was in charge of a woman who occupied one of the apartments, and herself passed back and forth over a part' of this walk. On the afternoon of January 3d, 1923, the plaintiff made a call upon one of the tenants, her particular purpose having been to get two plates which she had left when attending a party held at the tenant's apartment some weeks before. Having completed her call, the plaintiff passed along the walk on her way to the street. The walk for a considerable space was covered with ice and frozen snow, and was in a slippery and dangerous condition, in spots smooth and in others lumpy, and no sand or ashes had been scattered over it. While there was little, if any, direct evidence as to the length of time this condition had existed, there were facts in evidence reasonably indicating that it had been there for some days and it also appeared that the woman in charge of the premises passed close by the spot in question in going to and from her own apartment and could see it as she sat at one of her windows. The plaintiff, because of the dangerous condition she encountered there, was not walking fast, but was "picking her steps." She slipped and fell, causing the injuries for which she is seeking a recovery. There was no evidence of any structural defect or want of repairs in the walk, nor was there any agreement between the defendant and the tenants as to the obligation to care for the walks on the premises; in fact, such care as

the particular walk in question had received had come from certain tenants to whose apartments it was the principal means of approach.

It is the law of this State, as elsewhere, that, speaking generally, the landlord who rents the apartments in his building to various tenants, reserving control of the common approaches, is obligated to use reasonable care to keep those approaches reasonably safe for the use of the tenants; and that it is no defense that some one else is charged by him with, or assumes the performance of, that duty, if it be not performed. *Koskoff* v. *Goldman,* 86 Conn. 415, 424, 85 Atl. 588; *Gaucso* v. *Levy,* 89 Conn. 169, 93 Atl. 136; *Cook* v. *Simon,* 98 Conn. 98, 118 Atl. 634; *Pavlovchik* v. *Lupariello,* 101 Conn. 567, 127 Atl. 18. This obligation of the landlord extends also to all those who have lawful occasion to visit the tenants for social or business purposes. A right of ingress and egress for all such persons is essential not merely to the enjoyment of the rented premises by the tenants but also to the renting of them by the landlord; it is part of that for the use of which he is paid, and it exists for the mutual benefit of landlord and tenants alike. *Miller* v. *Hancock,* L. R. (1893) 2 Q. B. 177; *Coupe* v. *Platt,* 172 Mass. 458, 52 N. E. 526; *Gleason* v. *Boehm,* 58 N. J. L. 475, 477, 34 Atl. 886; *Crane Elevator Co.* v. *Lippert,* 11 C. C. A. 521, 524, 63 Fed. 942, 945; *Sawyer* v. *McGillicuddy,* 81 Me. 318, 322, 17 Atl. 124. The basis of the liability of the landlord to those visiting the premises for social purposes does not rest primarily upon an express or implied invitation from one of the tenants, though no doubt that might be found here, but upon the broader principle, that "where the privilege of user exists for the common interest or mutual advantage of both parties, it will be held to be a case of invitation; but if it exists for the mere pleasure and benefit of the

party exercising the privilege, it will be held to be a case of license." *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 537, 34 Atl. 491; 2 Underhill, Landlord & Tenant, p. 815.

The defendant made his appeal in the trial court, and now makes it, to a rule stated in *Woods* v. *Naumkeag Steam Cotton Co.,* 134 Mass. 357, 361, where it is laid down that a landlord of a tenement house owes no duty to the tenants to remove from the steps of the common approach the ice and snow which naturally accumulates thereon. That rule has unquestionably become the law of Massachusetts, although one searches its decisions in vain for any attempt to justify it upon grounds of principle. *Watkins* v. *Goodall,* 138 Mass. 533, 536; *Nash* v. *Webber,* 204 Mass. 419, 425, 90 N. E. 872; *Hawkes* v. *Broadwalk Shoe Co.,* 207 Mass. 117, 122, 92 N. E. 1017; *O'Donoughue* v. *Moors,* 208 Mass. 473, 94 N. E. 749; *Bell* v. *Siegel,* 242 Mass. 380, 382, 136 N. E. 109. The *Woods* case was followed in New York in *Little* v. *Wirth,* 6 Misc. 301, 26 N. Y. Supp. 1110, and *Gianpaola* v. *Paoli,* 129 N. Y. Supp. 180, but these cases can hardly be regarded as a definitive statement of the law of that State in this regard. *Harkin* v. *Crumbie,* 46 N. Y. Supp. 453; *Dwyer* v. *Woollard,* 205 App. Div. 546, 199 N. Y. Supp. 840. The rule was also adopted in *Oerter* v. *Ziegler,* 59 Wash. 421, 109 Pac. 1058, and in *Purcell* v. *English,* 86 Ind. 34. The last case is interesting as the only attempt to justify it we have been able to find; says the court (p. 43): "If any other rule is adopted, then the owner is charged with the duty of watching steps leading to every part of the premises, and of keeping them free from all temporary obstructions; for, let it once be granted that the landlord is liable for obstructions or defects not permanent and not growing out of the character of the structure, it will be impossible to draw

any line, and he must be held accountable for all obstructions and defects, no matter how transient their character." This course of reasoning is, however, utterly demolished by that of Loomis, J., in *Cloughessey* v. *Waterbury*, 51 Conn. 405, 415, to which reference is hereafter made. The other cases usually cited to support the Massachusetts rule are found upon examination to involve other elements, such as the obligation of the landlord to persons using a sidewalk in the highway in front of his premises or the effect of precedent negligence on his part which caused the accumulation of the ice or snow.

Approaching the question from the standpoint of principle, we are wholly unable to justify the Massachusetts rule. The duty of the landlord being to exercise reasonable care to prevent the occurrence of defective or dangerous conditions in the common approaches, the fact that a particular danger arose from the fall of snow or the freezing of ice can afford no ground of distinction. Indeed, the causes which are at work to produce it are no more natural causes than are those which, more slowly, bring about the decay of wood or the rusting of iron. To set apart this particular source of danger is to create a distinction without a sound difference. 1 Tiffany, Landlord & Tenant, p. 633. We had before us a very similar question when certain Massachusetts decisions limiting the obligations of municipalities as regards dangerous conditions in the highways produced by snow and ice were pressed upon us; but we then held that the mere fact of the origin of the defective condition in that particular way was insufficient to create an exception to the general rule of municipal liability; and we pointed out that the requirement of reasonable care established a standard sufficiently flexible to meet the varying characteristics of the particular defect in question. *Congdon* v.

*Norwich,* 37 Conn. 414, 419; *Dooley* v. *Meriden,* 44 Conn. 117, 119; *Cloughessey* v. *Waterbury,* 51 Conn. 405, 415. So here we say, an accumulation of ice or snow upon a common approach to a tenement house may impose upon the landlord a liability for injuries due to it, provided he knew, or in the exercise of a reasonable oversight ought to have known, of the existence of the dangerous condition and failed to exercise reasonable care to provide against injury by reason of it.

That the walk in question was in so dangerous a condition that the defendant, knowing or bound with knowledge of it, was obligated to take steps to protect those rightfully passing over it, and that, despite the rather scant evidence of the length of time the condition had existed, the defendant was bound with knowledge of it by that which the person in charge of the premises must have had, were certainly conclusions that the jury might have reasonably reached upon the evidence. So, too, the question whether or not the plaintiff was guilty of contributory negligence presented an issue of fact for the jury. *Lucy* v. *Norwich,* 93 Conn. 545, 549, 106 Atl. 762.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.