## RUTH MULLINS
### vs.
## FRANK CHASE, ET UX.

Superior Court     Fairfield County     File #53628

MEMORANDUM FILED NOVEMBER 22, 1938.

A. D. Slavitt, of South Norwalk, for the Plaintiff.
Sheldon B. Smith, of Norwalk, for the Defendants.

MUNGER, J. It is conceded that the defendants jointly

own the tenement building described in the complaint. On the ground floor there are two tenements. Upon the upper floor there is a tenement which, at the time of the injuries described in the complaint, was occupied by a Mrs. Bryan. She did laundry work. Access to this tenement was provided by a flight of stairs on the outside of the building shown in Plaintiff's Exhibit B. It is not disputed that the defendants had control of these stairs. Neither during the trial nor in any portion of the brief filed has this claim been made, so retention of control of these stairs by the defendants is to be taken as established.

There can be no possible doubt as to the law defining the defendants' duty to keep the stairway in repair. As respects the plaintiff, who was an invitee, it was the duty of the defendants to use reasonable care to keep the stairway in a reasonably safe condition. This is established law in Connecticut. *Reardon vs. Shimelman,* 102 Conn. 383.

The plaintiff went up these stairs to call on Mrs. Bryan for the purpose of getting some laundry which she had left there. She had been up the stairs many times before. She talked with Mrs. Bryan and then started to descend the stairway. When her foot was placed upon the third step, something happened. The plaintiff says, and I find the fact to be, that the stair was springy. The only possible inference to be drawn from the evidence is that she lost her balance. Thereafter, she fell down the stairway and was precipitated over the right-hand side of it onto the ground, sustaining injuries for which she sues.

It is conceded that at the time of the injury there was no railing of any kind on the left-hand side of the stairway as one went up the stairs. The right-hand side of the stairway had a sort of lattice work and what was claimed to be a handrail, as appears by Exhibit B and also as appears by a section of such rail introduced as an exhibit in court.

The sole question is one of fact. The plaintiff claims that the handrail, if it can be called such, on the right-hand side of the stairway going up was not reasonably sufficient to serve as a protection to persons using the stairway by reason of its construction and design. The plaintiff says she was not able to grasp this railing as she went down the stairway because it was too wide and would not fit her hand in such a way that she could save herself in her fall. The evidence

abundantly supports the probability of this claim.

A section of the railing is in court. Two expert witnesses, the building inspector of Norwalk, and Mr. Woods, with very wide experience indeed in the construction of buildings, testify that this was not a reasonably sufficient railing and its presence did not make the stairway reasonably safe for use so far as protection by it is concerned. I do not see how there can be any sound dissent from this view. There was no railing on the right-hand side of the stairs going down and it seems to be certain if there had been one, the plaintiff might have had a reasonable chance, after losing her balance and falling, to save herself from being cast over the side of the stairway from which she fell to the ground. Both on account of the presence of a railing on the left-hand side not reasonably sufficient to provide for the safety of pedestrians, and also by reason of the absence of any railing whatever on the right-hand side going down, in my opinion this stairway was exceedingly unsafe and the conclusion must be reached that the defendants were negligent and did not use reasonable care to make the stairway reasonably safe for pedestrians.

I find nothing in the case which indicates that the plaintiff was not in the exercise of due care.

The defendants say that the plaintiff might have saved herself from injury because she fell from the third step of the stairway and they point out that nowhere is there any evidence establishing the fact that this step was defective or out of repair. That is true. There is no evidence that this particular step was in such a condition that it was dangerous to walk on it, nor, even if it had been, that the defendants had any actual or constructive notice of it. The defendants, however, say that the plaintiff might have saved herself by grasping the top of the overhang of the veranda, as it appears in Exhibit B, and they insist that at the point where she fell, that is to say, the third step, there was nothing at that point which made the stairway defective. In my opinion this position cannot possibly be maintained.

The plaintiff is a woman 5 feet, 4 inches in height and weighs 212 pounds. If in the exercise of due care when going down the steps she lost her balance, there was nothing at the point where she began to fall reasonably sufficient to allow her, in the exercise of reasonable effort, to save herself from injury.

I think the defendants do not appreciate the true situation. It was not the defect in the stairway upon which she stepped that caused her injuries. What happened was this: The plaintiff for some reason, due to the fact the step was springy, lost her balance. It is from this point that the negligence of the defendants begins to operate and becomes a factor in the injury which she received and this, obviously, is because there was nothing reasonably provided by which she might have saved herself from the injury which followed.

It seems to me to be unreasonable in the extreme to say that after she began to fall, she should have saved herself by reason of the presence of the overhang of the veranda or by reason of the fact that it might have been possible for her arm to reach the top beam which shows in Exhibit B along this overhang.

I regret that I am unable to accept any portion of the testimony of Mrs. Bryan or her daughter as true. On the evidence I think, upon the question of intoxication, it is entirely in favor of the plaintiff and no testimony in the case appears which contradicts the medical testimony that the presence of liquor on the breath would have been noted upon such an examination as was made by the interne, if the plaintiff had been so highly intoxicated one hour before the examination that she staggered. I think the plaintiff was in the exercise of due care and the defendants were negligent as charged.

The plaintiff was in the hospital for two weeks and was obliged to have an operation on her knee for the removal of a loose chip of bone in the knee cap, as narrated in the evidence. Her special damages, without including any loss of earnings, approximate $500. I do not find there is anything in the evidence which indicates that any permanent injury has been shown to be reasonably probable. Upon the whole case I think a just award of damages would be $1,250. Judgment is to be entered for such amount.