[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 18, 1997
The third party defendant F.J. Barta moves to strike the entire third-party complaint of the defendant and third-party plaintiff Wallingford Town Centre Condominium Association. The specific ground is that the third-party complaint sounds in apportionment of liability and that F.J. Barta cannot be found liable to the plaintiff for breach of a nondelegable duty.
As a preliminary matter, the court notes that the third-party complaint contains three counts. Only Count Three of the third-party complaint sounds in apportionment. Accordingly, the court considers this motion only as to Count Three.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts
well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The pleadings establish that Wallingford Town Centre Condominium Association is the owner of the premises upon which CT Page 3175 the first-party plaintiff allegedly fell as a result of accumulated snow and ice. F.J. Barta is a contractor who entered into an agreement with Wallingford Town Centre Condominium Association for snow removal and sanding of the subject premises. The third count of the third-party complaint alleges that "[i]f the plaintiff did sustain the damages and injuries in the manner and to the extent alleged in her Complaint, then said damages and injuries were directly or in part caused as a result of the act of negligence of the third-party defendant, F.J. Barta . . .
As noted in the well reasoned decision of Wood v. ChaletSusse International, 14 CONN. L. RPTR. 187 (1995), a landlord's obligation to maintain the premises is a duty that cannot be delegated. "It is the law of this State, as elsewhere, that speaking generally, the landlord who rents the apartments in his building to various tenants, reserving control of the common approaches, is obligated to use reasonable care to keep those approaches reasonably safe for the use of the tenants; and thatit is no defense that some one else is charged by him with, orassumes the performance of, that duty, if it be not performed."Reardon v. Shimelman, 102 Conn. 383, 386 (1925) [Emphases added]; Wright, Fitzgerald and Ackerman, Connecticut Law of Torts (3rd Ed.) § 55 (". . . the Court stated that the landlord's duty in connection with common approaches cannot be delegated"); § 67; § 54. As Judge Silbert noted in the Wood decision, "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty." Here, Wallingford Town Centre Condominium Association may properly implead F.J. Barta under C.G.S. § 52-102a. Because its duty to the plaintiff was nondelegable, however, it may not implead F.J. Barta to apportion its liability to the plaintiff under C.G.S. § 52-102b. Wallingford Town Centre Condominium Association has provided no authority to the contrary.
For the above reasons, the motion to strike is granted as to the third count of the third-party complaint.
DIPENTIMA, J