[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPORTIONMENT DEFENDANTS' FRANCIS AND DIANA BYRNE D/B/A GREENSCAPE OF CLINTON, CONNECTICUT MOTION TO STRIKE APPORTIONMENT (#117)
The plaintiff, Brenda Constantino ("Constantino") by writ summons and complaint dated October 8, 1997 brought a one count premises liability complaint against the defendant, First Union Bank of Connecticut ("First Union") claiming to have sustained injuries for a slip and fall on ice in a parking lot owned, controlled and maintained by the First Union.
First Union served the apportionment defendants, Francis and Diana Byrne d/b/a Greenscape of Clinton, CT (Greenscape) with an apportionment complaint dated February 26, 1998.
The apportionment defendants moved to strike the apportionment complaint claiming the apportionment complaint is legally insufficient because:
a.) it fails to allege facts to establish a duty and/or breach of duty by the apportionment defendants, and;
b.) apportionment of liability between a landowner and a snow plow contractor is inappropriate.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693, A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusion . . ." (Emphasis in original; internal quotation marks omitted.) Id., 588. In considering a motion to strike, courts must "construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp. 231 Conn. 381,384, 650 A.2d 153 (1994). CT Page 10797
In support of their motion to strike, the apportionment defendants claim that in order to be entitled to an apportionment of damages pursuant to Conn. General Statutes § 52-572h, the apportionment plaintiff must allege and prove that the apportionment defendants were negligent and their negligence was the cause of the plaintiff's injuries. "The elements of a cause of action for negligence are duty, breach, causation and damages" "Doe vs. Manheimer, 212 Conn. 748, 755 (1989). Furthermore, the apportionment defendants claim the apportionment complaint does not allege any duty with respect the apportionment defendants or that the apportionment defendants breached any duty.
In support of their apportionment complaint Greenscape submits that their apportionment complaint complies with the dictates of Conn. General Statutes § 52 102b(b) which provides "the apportionment complaint shall be equivalent in all respects to AN original writ, summons and complaint, . . ." emphasis added.
A careful reading of the apportionment complaint reveals that it is merely a word for word recitation of the "Constantino" revised complaint. Although the apportionment plaintiff's summons names Greenscape as apportionment defendant, the apportionment complaint is completely devoid of any mention of Greenscape, nor does it allege any duty and/or breach of duty by Greenscape, or any negligence or fault by Greenscape, nor alleges any causation by "Greenscape" to the injuries suffered by "Constantino".
This court respectfully suggest that the apportionment plaintiff has interpreted Conn. General Statutes § 52 102b(b) to read the apportionment complaint shall be equivalent in all respects to THE original writ summons and complaint. . . . emphasis added.
Merely reciting the plaintiff's complaint does not satisfy the dictates of Conn. General Statutes § 102b(b). There must be AN original complaint which alleges duty, breach, causation and damages between the parties. Otherwise the apportionment plaintiff would not have any allegations to prove in order to implicate the provisions of Conn. General Statutes § 572h.
Therefore the apportionment defendant's motion to strike is granted. CT Page 10798
In view of the foregoing the court declines to rule on Greenscape's contention that they may not be named an apportionment defendant as the duty of the landowner is non-delegable. Reardon v. Shimelman, 102 Conn. 383, 386 (1925). By way of observation, this court would not be able to rule on this contention as the allegations of the apportionment complaint are insufficient to analyze such a contention as in the very least there is no mention of Greenscape nor its relation to First Union in the apportionment Complaint.
John W. Moran Judge of the Superior Court