[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: Plaintiff's Motion to Strike Defendant's Apportionment Complaint
The plaintiff seeks damages for injuries and losses sustained from a slip and fall which occurred on an area outside the entrance to her apartment complex located at 187 Huntington Street, New London, CT. The plaintiff alleges that said area was unpaved and uneven and contained an accumulation of ice and snow. The defendant, Thames River Associates, owns and is in control of the premises located at 187 Huntington Street.
On July 31, 1998, the defendant filed an apportionment complaint against Prime Electric alleging that the incident complained of was proximately caused by their negligence. The defendant had entered into an agreement with Prime Electric to construct and install light fixtures and light posts at the apartment complex. The defendant alleges that Prime Electric CT Page 14193 failed to properly pave an uneven and broken curb after its installation of light posts and failed to properly inspect the curb after its completion of the installation of the light posts.
The plaintiff filed a motion to strike the apportionment complaint on September 18, 1998. The plaintiff also filed a memorandum of law in support of her motion. On October 8, 1998, the defendant filed an objection to the motion to strike accompanied by a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997).
The plaintiff argues that apportionment is not appropriate where the defendant owes the plaintiff a non-delegable duty to keep its premises in a reasonably safe condition. In opposition, the defendant argues that it may apportion its liability under General Statutes § 52-102b.
It is the rule in Connecticut that "the duty of care owed by the defendant landowner to the plaintiff cannot be delegated to the contractor." Stockton v. Corporate Center West Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544437 (February 5, 1997, Hennessey, J.) (19 CONN. L. RPTR. 118). In Stockton, the defendant landlord sought to cite-in an independent snow remover contractor for the purpose of apportioning liability. The Court denied the motion to cite-in and adopted as the basis for its ruling the well reasoned decision of Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meridan, Docket No. 245558 (May 18, 1995) (Silbert, J.) (14 CONN. L. RPTR. 187), where the court held that "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty." Id. See also Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998) (Stodolink, J.) (21 CONN. L. RPTR. 651). Courts have frequently CT Page 14194 cited the following reason for refusing to permit apportionment in the context of a landlord-tenant relationship: "the landlord who rents the apartments in his building to various tenants, reserving control of the common approaches, is obligated to use reasonable care to keep those approaches reasonably safe for the use of the tenants; and that it is no defense that someone elseis charged by him with, or assumes the performance of, that duty,if it be not performed. Reardon v. Shimelman, 102 Conn. 383, 386
(1925) [Emphases added]; Wright, Fitzgerald and Ackerman, Connecticut Law of Torts (3rd Ed.) §§ 54, 55, 67 (". . . the Court stated that the landlord's duty in connection with common approaches cannot be delegated"); (internal quotation marks omitted.)Fuda v. Judd Square Associates, Superior Court, judicial district of Meridan at Meridan, Docket No. 251564 (August 18, 1997) (Dipentima, J.) (20 CONN. L. RPTR. 285) (defendant landlord may not implead snow removal contractor to apportion its liability to the plaintiff under C.G.S. § 52-102b).
Because the defendant may not delegate its duty to the plaintiff to keep its premises safe, and because it is responsible to the plaintiff for any negligence on the part of Prime Electric, apportionment is not appropriate. Accordingly, the plaintiff's motion to strike the defendant's apportionment complaint is granted.
Martin, J.