COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-255-CV
 
 
TANA 
GRIFFIN                                                                      APPELLANT
 
V.
  
1438, 
LTD. F/K/A 1438, INC. AND A/K/A                                 APPELLEES
INTERNATIONAL 
HOUSE OF PANCAKES
A/K/A 
IHOP #1438, DALLAS 1438 GENERAL
HOLDINGS 
CORP., A GENERAL PARTNER OF
1438, 
LTD. F/K/A 1438, INC. AND A/K/A
INTERNATIONAL 
HOUSE OF PANCAKES A/K/A
IHOP 
#1438, SOUTHFORK PROPERTIES, LTD.
CO., 
1505, INC., A GENERAL PARTNER OF
SOUTHFORK 
PROPERTIES, L.P. F/K/A
SOUTHFORK 
PROPERTIES, LTD. CO., AND
INTERNATIONAL 
HOUSE OF PANCAKES, INC.
D/B/A 
IHOP #1438
 
 
------------
 
FROM 
THE 393RD DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Tana Griffin appeals from the trial court’s judgment granting Appellees’ 
IHOP[2] no-evidence motion for summary judgment. We 
affirm.
Factual and 
Procedural Background
        Griffin 
filed this action to recover compensation for injuries, including a fractured 
wrist, sustained when she slipped and fell on ice in the parking lot adjacent to 
an IHOP restaurant. IHOP filed a no-evidence motion for summary judgment on 
March 25, 2002, asserting that because Griffin admitted she knew of the ice on 
the parking lot, she could not establish that she was unaware of the dangerous 
condition—an essential element of her premises liability claim. IHOP 
additionally asserted that a premises owner or operator has no duty as to 
natural conditions, such as ice accumulating on a parking lot.
        Griffin 
filed a response on January 24, 2003 stating that she was not aware of the ice 
until she stepped on it, and that ice could be an unreasonably dangerous 
condition under Texas law. Griffin submitted 108 pages of evidence without 
citing any specific references directing the trial court to relevant evidence or 
tying the evidence to the particular challenged element. The trial court denied 
IHOP’s motion.
        IHOP 
filed a motion to reconsider asserting that 1) Griffin failed to produce any 
evidence that IHOP knew or should have known of the ice in the parking lot, and 
2) once Griffin discovered the ice, IHOP no longer had a duty to warn. The 
motion was apparently denied. Thereafter, IHOP filed a second motion to 
reconsider on June 18, 2003, stating:
 
The 
motion is re-urged for two reasons:
 
1. 
The original motion was denied because there was a speculative basis for the 
origination of the ice (condensate from wind shear passing over surface).
 
2. 
The law has matured to demonstrate that speculative basis are not enough.
 
Griffin 
did not file a written response to either motion to reconsider.
        The 
trial court granted final summary judgment on July 29, 2003. In two issues, 
Griffin complains that the trial court erroneously granted IHOP’s motion for 
summary judgment because she produced evidence regarding the two elements of her 
claim challenged by IHOP.
Standard of 
Review
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The 
trial court must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) & cmt.; S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan 
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward 
more than a scintilla of probative evidence that raises a genuine issue of 
material fact, then a no-evidence summary judgment is not proper. Moore v. K 
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).
Discussion
        Griffin 
contends that, as an invitee asserting a premises liability claim, she is 
required to establish that: 1) a condition on the premises posed an unreasonable 
risk of harm; 2) IHOP knew or reasonably should have known of the danger; 3) 
IHOP breached its duty of care by both failing to adequately warn, and failing 
to make the condition reasonably safe; and 4) IHOP’s breach proximately caused 
Griffin’s injuries. See Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 
296 (Tex. 1983); see also Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 
814-16 (Tex. 2002). IHOP challenged the second element —whether IHOP knew or 
reasonably should have known of the danger, and the third element—whether IHOP 
breached a duty of care by both failing to adequately warn and failing to make 
the condition reasonably safe. Accordingly, we must determine whether Griffin 
produced more than a scintilla of probative evidence to raise a fact issue on 
these elements.
        To 
meet her burden to produce some evidence regarding the challenged elements, 
Griffin attached the following items of evidence to her response to IHOP’s 
motion for summary judgment:
 
1.Griffin’s 
deposition;
2.Griffin’s 
affidavit;
3.Deposition 
of Martin Adler, IHOP’s corporate representative;
4.Deposition 
of Joseph Ciochon, the IHOP manager on the date of Griffin’s fall;
5.Climatological 
Data from the National Climatic Data Center
6. 
IHOP’s objections and responses to Griffin’s first request for production; 
and
 
        IHOP 
contends that the trial court was required to grant summary judgment based on 
Griffin’s failure to file any summary judgment response or evidence relative 
to IHOP’s “second motion for summary judgment.” The record reflects, 
however, that IHOP did not file a second motion for summary judgment. The 
document filed with the court, entitled “Motion to Reconsider,” explicitly 
states that “[t]he motion to reconsider rests upon the same evidence as 
presented earlier.  All that has happened is that the law has 
matured.”  IHOP cites no authority to support the proposition that 
Griffin was required to file a response to a motion to reconsider that did not 
present new evidence for the trial court’s consideration. We therefore 
consider Griffin’s response to IHOP’s original motion for summary judgment 
in determining whether summary judgment was properly granted.
        Griffin 
contends that she produced evidence that IHOP “failed to exercise reasonable 
care to reduce or eliminate the risk” of harm.  IHOP responds by 
asserting that a premises owner or operator does not have a duty to protect its 
invitees from the natural accumulation of frozen precipitation occurring on its 
parking lots.
        The 
Eastland Court of Appeals recently addressed the issue of a premise owner or 
operator's duty to protect its invitees from an accumulation of frozen 
precipitation located on its parking lot.  Wal-Mart Stores, Inc. v. 
Surratt, 102 S.W.3d 437 (Tex. App.—Eastland 2003, pet. filed).  After 
an extensive and thorough analysis of Texas jurisprudence as well as a review of 
the manner in which other jurisdictions have dealt with this issue, the Eastland 
court concluded that a premises owner or operator does not have a duty to 
protect its invitees from the natural accumulation of frozen precipitation on 
its parking lot as a matter of law. Id. at 445. In doing so, the court 
analyzed two conflicting rules adopted by other jurisdictions, the 
“Massachusetts” rule and the “Connecticut” rule:
 
The 
“Massachusetts” or “natural accumulation” rule stems from the case of Woods 
v. Naumkeag Steam Cotton Company, 134 Mass. 357 (1883). Mucsi v. Graoch [Assocs. 
Ltd. P’ship] # 12, 144 Wash.2d 847, 31 P.3d 684, 688 (2001). Under 
the “Massachusetts” rule, a premises owner/operator has no duty to protect 
invitees from conditions caused by natural accumulations of snow and ice. [Id.] 
at 688. This rule is based upon the principle that owners/operators would be 
greatly burdened if they had such a duty. [Id.] The “Connecticut” 
rule traces its origin to the case of Reardon v. Shimelman, 102 Conn. 
383, 128 A. 705 (1925). The “Connecticut” rule rejects the distinction 
afforded by the “Massachusetts” rule for natural accumulations of snow and 
ice by holding that an owner/operator has a general duty to remove or eliminate 
all dangerous conditions on the premises irrespective of their source. Mucsi, 
[144 Wash.2d] at 688.
Legal 
treatises recognize the “Massachusetts” rule as the traditional rule and the 
“Connecticut” rule as the modern or “restatement” rule. 62A Am. Jur. 2d Premises Liability §§ 
699-701 (1990).
 
 
Id. 
at 442.
        In 
adopting the “Massachusetts” rule, the court was careful to note that it was 
not adopting a “broad proposition that a naturally occurring condition can 
never be the basis of a premises liability claim.”  Id. at 
445.  Rather, the court held that in some instances, conditions 
occurring naturally on real property are not unreasonably dangerous.  Id.
        While 
we recognize that a petition for review has been filed for Surratt, 
therefore precluding it as precedence for the case at hand, we agree with the 
reasoning of the Eastland court and see no reason to restate their extensive 
review of the issue.  We believe the relatively sparse case law regarding 
whether a naturally occurring condition can create an unreasonable risk of harm 
supports following the “Massachusetts” rule in this instance.  This is 
especially true in light of the Texas Supreme Court’s recent holding that:

Ordinary 
mud that accumulates naturally on an outdoor concrete slab without the 
assistance or involvement of unnatural contact is, in normal circumstances, 
nothing more than dirt in its natural state and, therefore, is not a condition 
posing an unreasonable risk of harm.
 
M.O. 
Dental Lab v. Rape, No. 03-0146, 2004 WL 1498163, at *3 (Tex. July 2, 2004).
        Relying 
on Furr’s, Inc. v. Logan, Griffin urges this court to hold that 
naturally occurring conditions are genuine issues of material fact that should 
be decided by the factfinder.  893 S.W.2d 187 (Tex. App.—El Paso 1995, no 
writ).  In that case a business invitee slipped and fell on a patch of ice 
created by a leaking vending machine.  Id. at 189.  The El Paso 
Court of Appeals held that whether the ice was a dangerous condition was a 
question of fact for the jury.  Id. at 191-92.  Furr’s, 
however, is distinguishable from the present case because the ice in the parking 
lot was caused by a leaking vending machine. In the case at hand, the ice in the 
parking lot was caused by a naturally occurring condition.
        We 
hold, as a matter of law, that IHOP did not have a duty to protect Griffin from 
the natural accumulation of frozen precipitation on its parking lot.  
Consequently, there is no evidence that IHOP failed to exercise reasonable care 
to reduce or eliminate the risk caused by a condition posing an unreasonable 
risk of harm.  We expressly decline to adopt the “Massachusetts” rule 
as a blanket rule for all naturally occurring conditions, and limit our holding 
to the facts of this case.  We overrule Griffin’s second issue and 
because this issue is dispositive of the case, we will not address Griffin’s 
remaining issue.  Tex. R. App. P. 
47.1.
Conclusion
        We 
hold that the trial court did not err in granting IHOP’s no-evidence motion 
for summary judgment and affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
 

PANEL 
B:   HOLMAN, DAUPHINOT, and GARDNER, JJ.
DELIVERED: 
July 15, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellees 1438, Ltd. f/k/a 1438, Inc. and a/k/a International House of Pancakes 
a/k/a IHOP #1438, Dallas 1438 General Holdings Corp., a General Partner of 1438, 
Ltd. f/k/a 1438, Inc. and a/k/a International House of Pancakes a/k/a IHOP 
#1438, Southfork Properties, Ltd. Co., 1505, Inc., a General Partner of 
Southfork Properties, L.P. f/k/a Southfork Properties, Ltd. Co., and 
International House of Pancakes, Inc. d/b/a IHOP #1438 are collectively referred 
to as “IHOP” throughout this opinion.