GRIFFIN V. IHOP

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-255-CV

TANA GRIFFIN APPELLANT

V.

1438, LTD. F/K/A 1438, INC. AND A/K/A APPELLEES

INTERNATIONAL HOUSE OF PANCAKES

A/K/A IHOP #1438, DALLAS 1438 GENERAL

HOLDINGS CORP., A GENERAL PARTNER OF

1438, LTD. F/K/A 1438, INC. AND A/K/A 

INTERNATIONAL HOUSE OF PANCAKES A/K/A

IHOP #1438, SOUTHFORK PROPERTIES, LTD.

CO., 1505, INC., A GENERAL PARTNER OF 

SOUTHFORK PROPERTIES, L.P. F/K/A 

SOUTHFORK PROPERTIES, LTD. CO., AND 

INTERNATIONAL HOUSE OF PANCAKES, INC.

D/B/A IHOP #1438

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tana Griffin appeals from the trial court’s judgment granting Appellees’ IHOP
(footnote: 2) no-evidence motion for summary judgment.  We affirm.

Factual and Procedural Background

Griffin filed this action to recover compensation for injuries, including a fractured wrist, sustained when she slipped and fell on ice in the parking lot adjacent to an IHOP restaurant.  IHOP filed a no-evidence motion for summary judgment on March 25, 2002, asserting that because Griffin admitted she knew of the ice on the parking lot, she could not establish that she was unaware of the dangerous condition—an essential element of her premises liability claim.  IHOP additionally asserted that a premises owner or operator has no duty as to natural conditions, such as ice accumulating on a parking lot.

Griffin filed a response on January 24, 2003 stating that she was not aware of the ice until she stepped on it, and that ice could be an unreasonably dangerous condition under Texas law.  Griffin submitted 108 pages of evidence without citing any specific references directing the trial court to relevant evidence or tying the evidence to the particular challenged element.  The trial court denied IHOP’s motion.

IHOP filed a motion to reconsider asserting that 1) Griffin failed to produce any evidence that IHOP knew or should have known of the ice in the parking lot, and 2) once Griffin discovered the ice, IHOP no longer had a duty to warn.  The motion was apparently denied.  Thereafter, IHOP filed a second motion to reconsider on June 18, 2003, stating:

The motion is re-urged for two reasons:

1.  The original motion was denied because there was a speculative basis for the origination of the ice (condensate from wind shear passing over surface).

2.  The law has matured to demonstrate that speculative basis are not enough.

Griffin did not file a written response to either motion to reconsider.

The trial court granted final summary judgment on July 29, 2003.  In two issues, Griffin complains that the trial court erroneously granted IHOP’s motion for summary judgment because she produced evidence regarding the two elements of her claim challenged by IHOP.

Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Discussion

Griffin contends that, as an invitee asserting a premises liability claim, she is required to establish that: 1) a condition on the premises posed an unreasonable risk of harm; 2) IHOP knew or reasonably should have known of the danger; 3) IHOP breached its duty of care by both failing to adequately warn, and failing to make the condition reasonably safe; and 4) IHOP’s breach proximately caused Griffin’s injuries.  
See Corbin v. Safeway Stores, Inc.
, 648 S.W.2d 292, 296 (Tex. 1983); 
see also Wal-Mart Stores, Inc.v. Reece
, 81 S.W.3d 812, 814-16 (Tex. 2002).  IHOP challenged the second element —whether IHOP knew or reasonably should have known of the danger, and the third element—whether IHOP breached a duty of care by both failing to adequately warn and failing to make the condition reasonably safe.  Accordingly, we 
must determine whether Griffin produced more than a scintilla of probative evidence to raise a fact issue on these elements.    

To meet her burden to produce some evidence regarding the challenged elements, Griffin attached the following items of evidence to her response to IHOP’s motion for summary judgment:

1. Griffin’s deposition;

2. Griffin’s affidavit;

3. Deposition of Martin Adler, IHOP’s corporate representative; 

4. Deposition of Joseph Ciochon, the IHOP manager on the date of Griffin’s fall;

5. Climatological Data from the National Climatic Data Center

6.   IHOP’s objections and responses to Griffin’s first request for production; and

IHOP contends that the trial court was required to grant summary judgment based on Griffin’s failure to file any summary judgment response or evidence relative to IHOP’s “second motion for summary judgment.”  The record reflects, however, that IHOP did not file a second motion for summary judgment.  The document filed with the court, entitled “Motion to Reconsider,” explicitly states that “[t]he motion to reconsider rests upon the same evidence as presented earlier.  All that has happened is that the law has matured.”  IHOP cites no authority to support the proposition that Griffin was required to file a response to a motion to reconsider that did not present new evidence for the trial court’s consideration.  We therefore consider Griffin’s response to IHOP’s original motion for summary judgment in determining whether summary judgment was properly granted. 

Griffin contends that she produced evidence that IHOP “failed to exercise reasonable care to reduce or eliminate the risk” of harm.  IHOP responds by asserting that a premises owner or operator does not have a duty to protect its invitees from the natural accumulation of frozen precipitation occurring on its parking lots.

The Eastland Court of Appeals recently addressed the issue of a premise owner or operator's duty to protect its invitees from an accumulation of frozen precipitation located on its parking lot.  
Wal-Mart Stores, Inc. v. Surratt
, 102 S.W.3d 437 (Tex. App.—Eastland 2003, pet. filed).  After an extensive and thorough analysis of Texas jurisprudence as well as a review of the manner in which other jurisdictions have dealt with this issue, the Eastland court concluded that a premises owner or operator does not have a duty to protect its invitees from the natural accumulation of frozen precipitation on its parking lot as a matter of law.  
Id
. at 445.  In doing so, the court analyzed two conflicting rules adopted by other jurisdictions, the “Massachusetts” rule and the “Connecticut” rule:

The “Massachusetts” or “natural accumulation” rule stems from the case of 
Woods v. Naumkeag Steam Cotton Company
, 134 Mass. 357 (1883).  
Mucsi v. Graoch 
[
Assocs. Ltd. P’ship
]
 # 12
, 144 Wash.2d 847, 31 P.3d 684, 688 (2001).  Under the “Massachusetts” rule, a premises owner/operator has no duty to protect invitees from conditions caused by natural accumulations of snow and ice.  [
Id
.] at 688.  This rule is based upon the principle that owners/operators would be greatly burdened if they had such a duty.  [
Id
.]  The “Connecticut” rule traces its origin to the case of 
Reardon v. Shimelman
, 102 Conn. 383, 128 A. 705 (1925).  The “Connecticut” rule rejects the distinction afforded by the “Massachusetts” rule for natural accumulations of snow and ice by holding that an owner/operator has a general duty to remove or eliminate all dangerous conditions on the premises irrespective of their source
.  Mucsi
, [144 Wash.2d] at 688. 

Legal treatises recognize the “Massachusetts” rule as the traditional rule and the “Connecticut” rule as the modern or “restatement” rule.  62A 
Am. Jur
. 
2d
 
Premises Liability
 §§ 699-701 (1990).   

Id.
 at 442.

In adopting the “Massachusetts” rule, the court was careful to note that it was not adopting a “broad proposition that a naturally occurring condition can never be the basis of a premises liability claim.”  
Id
. at 445.  Rather, the court held that in 
some instances
, conditions occurring naturally on real property are not unreasonably dangerous.  
Id
.

While we recognize that a petition for review has been filed for 
Surratt
, therefore precluding it as precedence for the case at hand, we agree with the reasoning of the Eastland court and see no reason to restate their extensive review of the issue.  We believe the relatively sparse case law regarding whether a naturally occurring condition can create an unreasonable risk of harm supports following the “Massachusetts” rule in this instance.  This is especially true in light of the Texas Supreme Court’s recent holding 
that:

Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm.

M.O. Dental Lab v. Rape, 
No
. 
03-0146, 2004 WL 1498163, at *3 (Tex. July 2, 2004).  

Relying on 
Furr’s, Inc. v. Logan
, Griffin urges this court to hold that naturally occurring conditions are genuine issues of material fact that should be decided by the factfinder.  893 S.W.2d 187 (Tex. App.—El Paso 1995, no writ).  In that case a business invitee slipped and fell on a patch of ice created by a leaking vending machine.  
Id
. at 189.  The El Paso Court of Appeals held that whether the ice was a dangerous condition was a question of fact for the jury.  
Id
. at 191-92.  
Furr’s
, however, is distinguishable from the present case because the ice in the parking lot was caused by a leaking vending machine.  In the case at hand, the ice in the parking lot was caused by a naturally occurring condition.  

We hold, as a matter of law, that IHOP did not have a duty to protect  Griffin from the natural accumulation of frozen precipitation on its parking lot.  Consequently, there is no evidence that IHOP failed to exercise reasonable care to reduce or eliminate the risk caused by a condition posing an unreasonable risk of harm.  We expressly decline to adopt the “Massachusetts” rule as a blanket rule for all naturally occurring conditions, and limit our holding to the facts of this case.  We overrule Griffin’s second issue and because this issue is dispositive of the case, we will not address Griffin’s remaining issue.  
Tex. R. App. P.
 47.1. 

Conclusion

We hold that the trial court did not err in granting IHOP’s no-evidence motion for summary judgment and affirm the trial court’s judgment.  

PER CURIAM 

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  July 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellees 1438, Ltd. f/k/a 1438, Inc. and a/k/a Internation
al House of Pancakes a/k/a IHOP #1438, Dallas 1438 General Holdings Corp., a General Partner of 1438, Ltd. f/k/a 1438, Inc. and a/k/a International House of Pancakes a/k/a IHOP #1438, Southfork Properties, Ltd. Co., 1505, Inc., a General Partner of Southfork Properties, L.P. f/k/a Southfork Properties, Ltd. Co., and International House of Pancakes, Inc. d/b/a IHOP #1438 are collectively referred to as “IHOP” throughout this opinion.