[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION TO STRIKE NO. 111
The plaintiffs, Adrienne and Arnold Lobovits, filed a two-count complaint against the defendant, Anton E. Nemeth, d/b/a New Dimensions, on September 25, 1997. The plaintiffs allege in count one that on January 2, 1997, Adrienne Lobovits was a patron at New Dimensions, which was in the defendant's control. While leaving New Dimensions, the plaintiff slipped and fell on compacted snow in the parking lot, causing her to be seriously injured. The plaintiffs allege a loss of consortium claim in count two on behalf of Arnold Lobovits. CT Page 4899
The defendant filed an apportionment complaint on February 3, 1998, naming Lee Miro d/b/a Miro Brothers as the apportionment defendant. Miro is alleged to be the party responsible for plowing and clearing snow in the parking lot where Adrienne Lobovits fell. On February 6, 1998, the plaintiffs filed a motion to strike the apportionment complaint on the grounds that the defendant, as owner of the premises, had a non-delegable duty to keep the premises in a safe condition. The defendant filed an objection to the motion to strike dated February 23, 1998, arguing that the apportionment defendant, as an independent contractor, can be held liable for the plaintiffs' injuries. The matter was heard by the court on March 2, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
The defendant owed the plaintiff a non-delegable duty to keep the premises where the plaintiff was injured in a safe condition. See Lodge v. Arett Sales Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 098122 (October 11, 1996) (Sullivan, J.) (common law obligation to maintain premises in a reasonably safe condition is a non-delegable duty); D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 67 (possessor of land cannot delegate the duty owned to an invitee).
"It has been held that the employer of an independent contractor may be vicariously liable for the torts of the contractor . . . [w]here the employer has attempted to shift to a contractor a nondelegable duty. . . . [T]he possessor of land cannot delegate the duty owed to an invitee." Wood v. ChaletSusse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995) (Silbert, J.) (14 CONN. L. RPTR. 187, 188). "Because [the defendant] could not delegate its duty to the plaintiff to keep its premises safe, and because it is responsible to the plaintiff for any negligence on CT Page 4900 the part of [Miro], apportionment is not appropriate. Apportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty. [Miro] may well have a role to play in this litigation, but apportionment is not a part of the script." Wood v. Chalet Susse International, supra,14 CONN. L. RPTR. 188.
Accordingly, the plaintiffs' motion to strike the defendant's apportionment complaint is granted.
STODOLINK, J.