[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a slip and fall incident which occurred in the parking lot of the premises located at 100 Newtown Road in Danbury. The plaintiff alleges that the owner of said premises, Pathmark Stores, Inc., had contracted with the defendant, Hawley Sweeping Company, to provide plowing, sanding, and salting services in the parking area. He asserts that he suffered injuries because the defendant negligently failed to prevent the accumulation of ice and snow in the parking lot. The defendant now moves to strike the complaint on the ground that the defendant does not owe a duty to the plaintiff.
In Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 CONN. L. RPTR. 187), the court denied a landowner's motion to cite in a contractor for apportionment purposes on the ground that a landowner cannot delegate the duty owed to an invitee. The court stated that, "[b]ecause [the landowner] could not delegate its duty to the plaintiff to keep its premises safe, and because it is responsible to the plaintiff for any negligence on the part of [the contractor], apportionment is not appropriate. Apportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty." Woodv. Chalet Susse International, supra. The persuasive reasoning of this decision is applicable to cases where, as here, a plaintiff attempts to sue the contractor directly.
Accordingly, the defendant's motion to strike is granted.
Moraghan, J. CT Page 10086