[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S APPORTIONMENT COMPLAINT
The plaintiff, Valerie Duerr, seeks damages for injuries sustained when she slipped and fell on accumulated ice and snow in the parking lot of an office complex located at 500 Bridge Street, Groton, CT., on December 14, 1995. The defendant, Sage Associates, owns and is in control of the premises located at 500 Bridge Street, Groton, CT. The plaintiff filed a complaint sounding in negligence against the defendant on July 24, 1996.
On September 12, 1996, the defendant filed an apportionment complaint against William Hansen d/b/a Hansen Brothers General Contractors (hereinafter "Hansen"). The defendant had entered into an agreement with Hansen whereby Hansen would plow and sand the parking lot of the aforementioned premises for the 1995-1996 season. The defendant alleges that Hansen failed to properly plow the parking lot and apply an appropriate amount of sand to the lot on or before December 14, 1995.
The plaintiff filed a motion to strike the apportionment complaint on April 22, 1998, moving on the ground that apportionment is not appropriate when the defendant owes the plaintiff a nondelegable duty to maintain its premises. The CT Page 3347 court. Parker, J., denied the motion by order dated July 10, 1998. The plaintiff filed a second motion to strike on October 7, 1998, moving on substantially the same grounds as its previous motion to strike. The plaintiff also filed a memorandum of law in support of her motion. On November 11, 1998, the defendant filed an objection to the motion to strike accompanied by a memorandum of law in support.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
 I.
The defendant objects to the plaintiff's motion to strike on the grounds that it reargues a prior motion to strike which the court, Parker, J., denied. The court, by its order dated July 10, 1998, held: "The above-referenced Motion [to strike] is denied. This ruling is without prejudice to the Plaintiff's raising the claim that apportionment is not appropriate in this case by some other means either before or at trial."
In its objection to the plaintiffs first motion to strike, dated April 22, 1998, the defendant raised three grounds as to why the motion should be denied: (I) the motion was not timely filed pursuant to Practice Book §§ 112 and 113; (2) the plaintiff did not have standing; and (3) the apportionment defendant owed a duty to the plaintiff and therefore, apportionment is proper.
"A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he himself made the original decision." (Internal quotation marks omitted.) Rosenblit v. Danaher,206 Conn. 125, 132-33, 537 A.2d 145 (1988).
This court finds that the plaintiff may raise the issue of whether apportionment is appropriate through a motion to strike, which is the proper vehicle to address this issue. CT Page 3348
 II.
The plaintiff argues that apportionment is not appropriate where the defendant owes the plaintiff a nondelegable duty to keep its premises in a reasonably safe condition. In opposition, the defendant argues that General Statutes § 52-102b permits the apportionment complaint.
There appears to be a split among the superior courts on the issue of whether an independent contractor can be cited in for apportionment purposes where the landowner has delegated to the contractor the job of clearing ice and snow from the landowner's property.
In two recent superior court cases with facts substantially similar to the case at hand, the courts refused to allow the defendant to apportion its liability on the grounds that the duty of care owed by a defendant landowner to a plaintiff cannot be delegated to a contractor. See Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn. L. Rptr. 651) (apportionment complaint seeking to apportion liability with independent contractor responsible for clearing snow from premises stricken); Fuda v. Judd Square Associates, Superior Court, judicial district of Meriden at Meriden, Docket No. 251564, (August 18, 1997, Dipentima, J.) (20 Conn. L. Rptr. 285) (defendant landowner may not "implead" snow removal contractor to apportion its liability to the plaintiff under General Statutes § 52-102b).[1]
Both courts adopted as the basis for its ruling the well reasoned decision of Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 2455558 (May 18, 1995, Silbert, J.) (14 Conn. L. Rptr. 187), where the court held that "[a]pportionment should not occur when the named defendant is responsible for the acts of an independent contractor to whom it has delegated a nondelegable duty."
This court finds that the cases cited herein provide the more persuasive argument regarding the apportionment of independent contractors.
Accordingly, the plaintiff's motion to strike is granted. CT Page 3349
Martin, J.