[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO STRIKE #118
The plaintiff was injured when he fell on defective stairs at premises at 32 Harris Circle, Waterbury. The alleged defective condition which precipitated the fall according to the complaint was caused by the defendant the Waterbury Housing Authority (Housing Authority) which was obligated to maintain the stairs and the defendant Alca Construction Company (Alca) which performed repairs on the stairs. Alca filed an apportionment complaint against Cape Verdean Construction Corp (Cape Verdean) who was hired by Alca to perform work on the defective steps. The apportionment defendant, Cape Verdean, in this motion seeks to strike the apportionment complaint as legally insufficient claiming the owner of the premises cannot shift a non-delegable duty to a third party contractor.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, supra, 244 Conn. 270. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
In determining contractor liability, "[i]t is now the almost CT Page 8959 universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done. This applies not only to contractors doing original work, but also to those who make repairs, or install parts, as well as supervising architects and engineers." (Internal quotation marks omitted.) Zapata v. Burns,207 Conn. 496, 517, 542 A.2d 700 (1988). Additionally, "[t]he general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work." Darling v. Burrone Bros., Inc.,162 Conn. 187, 196, 292 A.2d 912 (1972).
The facts alleged in the revised apportionment complaint state that Cape Verdean is an independent contractor who had control of the premises at the time of the plaintiff's alleged injury. If the allegations in the revised apportionment complaint are proven, Cape Verdean could reasonably be liable for any injuries sustained by the plaintiff upon a factual determination that the losses were foreseeable.
The movant argues that an owner cannot shift a nondelegable duty to maintain property to a third party. See Prince v.Waldbaum's, Inc., Superior Court, judicial district of Danbury, Docket No. 330786 (November 16, 1998, Moraghan, J.) (23 Conn. L. Rptr. 335); Mandrillo v. Hawley Sweeping Co., Superior Court, judicial district of Danbury, Docket No. 330519 (September 17, 1998, Moraghan, J.) (23 Conn. L. Rptr. 146); Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn. L. Rptr. 651); Stockton v. Corporate Center West Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544437 (February 5, 1997, Hennessey, J.);Fuda v. Judd Square Associates, Superior Court, judicial district of New Haven at Meridan, Docket No. 251564 (August 18, 1997,DiPentima, J.) (20 Conn. L. Rptr. 285). These decisions are premised on the decision in Wood v. Chalet Susse International, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn. L. Rptr. 187).
The cases cited above and relied on by the movant held that the owner has a nondelegable duty to maintain the premises which could not be delegated so as to relieve it of liability. There are no allegations in this lawsuit either by the plaintiff or the CT Page 8960 apportionment plaintiff as to what entity owned or controlled the premises. The plaintiff alleges that the Housing Authority was "obligated to maintain" the premises, (Count one Par 3.) And that Alca "performed certain repairs" on the steps. (Count 2 Par 3) and engaged Cape Verdean to perform work on the steps. The apportionment complaint alleges that Cape Verdean performed services on the steps.(Revised Apportionment Complaint Par 5). This is not the case of a landlord/owner/parties in control of the premises attempting to delegate a nondelegable duty. This is the case of a contractor attempting to apportion liability to a subcontractor. It is clear that Alca is neither the owner of the premises nor was it in control of the premises and therefore it could not have a nondelegable duty that would preclude liability as to Cape Verdean. Cape Verdean may have shared in the negligence if the allegations of the apportionment complaint are proved. The Motion to Strike the Revised Apportionment Complaint is denied.
PELLEGRINO, (P)