[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 "Two voices are there: one is of the sea, One of the mountains; each a mighty voice."[1]
Such could be said of the split in authority among judges of the Superior Court who have addressed the issue of whether an independent contractor can be brought by a possessor of the premises into a negligence action for apportionment purposes. This court is compelled to add its voice to the debate as it is confronted with the issue by the apportionment defendant Cherry Hill Construction Company's ("Cherry Hill") motion to strike the defendant Kmart's apportionment complaint in the above captioned matter.
The plaintiff Salvatore Riggione has filed a complaint against the defendant Kmart alleging that he was a business invitee of Kmart at its retail store and that he has injured as a result of Kmart's negligence. Specifically, Riggione claims that he fell as a result of a snow and ice covered, broken and uneven sidewalk located in front of the premises owned and controlled by Kmart. In his complaint, Riggione asserts that Kmart was negligent in not making the sidewalk safe, in not inspecting and remedying the unsafe conditions, in allowing snow and ice to accumulate, in failing to warn the plaintiff of the unsafe conditions and in failing to erect a barricade to keep the plaintiff from the area of danger. Kmart has filed an apportionment complaint against Cherry Hill claiming that Kmart had contracted with Cherry Hill for ice and snow removal and, if there was negligence on the part of any individual, it was the negligence of Cherry Hill in that it failed to clear the sidewalk of snow and ice, failed to spread sand or salt to prevent a slippery surface, failed to warn the public of the dangerous conditions and failed to maintain the sidewalk in a safe condition. Cherry Hill has moved to strike Kmart's apportionment complaint on the grounds that Kmart may not CT Page 513 delegate its duty to keep the premises safe and therefore apportionment is not appropriate.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214 (1992).
The judges of the Superior Court have spoken with two divergent voices on the issue of whether an apportionment complaint may be filed against an independent contractor by the possessor of premises when the possessor is being sued for damages in a negligence action for the failure to keep the premises in a reasonably safe condition. One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor. See e.g. Fullerton v. Wawa, Inc., 1998 WL 918014 (Silbert, J.); Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998) (Stodolink, J.) (21 Conn. L. Rptr. 651); Fuda v.Judd Square Associates, Superior Court, judicial district of Meriden at Meriden, Docket No. 251564, (August 18, 1997) (Dipentima, J.) (20 Conn. L. Rptr. 285); and Stockton v.Corporate Center West Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544437 (February 5, 1997) (Hennessey, J.). The opposing view which holds that an independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes has also found broad support. See e.g. Gulisano. v.National Amusements, Inc., Superior Court, judicial district of Ansonia/Milford, Docket No. 0065495S (July 29, 1999) (Thompson, J.); Dowd v. Jack Superior Court, judicial district of Danbury, Docket No. 323612 (Jan. 16, 1998) (Leheny, J.); Uliano v. EastHill Woods, Superior Court, judicial district of Milford, Docket No. 061900 (November 9, 1998) (Grogins, J.); and Veach v.Waldbaum's Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998) (Radcliffe, J.).
General Statutes § 52-102b provides the authority for a CT Page 514 defendant in a negligence action to serve an apportionment complaint on a person not a party to the action. Specifically, subsection (a) of § 52-102b provides that "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action whois or may be liable pursuant to said section for a proportionateshare of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." (Emphasis supplied.) Section 52-572h(c) provides, in relevant part, that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages. . . ." The court agrees with the apportionment defendant that the apportionment complaint must be stricken because an independent contractor who has been given the responsibility by the owner of property to keep the premises reasonably safe by removing snow and ice is not a person who is or may be liable for a proportionate share of the plaintiff's damages as required by § 52-102b(a).
At the risk of oversimplifying a complex issue, this is so for the following three elementary reasons:
1. The defendant, as the owner of the property in question, has a non-delegable duty to keep the premises reasonably safe.
2. The imposition by law of a non-delegable duty means that the defendant is vicariously liable for the negligent acts of its independent contractors, such as the apportionment defendant.
3. Under the principles of vicarious liability, the negligent acts of the apportionment defendant are imputed to the defendant; there are not separate acts of negligence by the defendant and the apportionment defendant for which liability could be apportioned.
I will more fully explain each of these principles in turn.
The possessor of property, such as the defendant Kmart in this case, has the duty to business invitees such as the plaintiff Riggione to maintain the property in a reasonably safe condition.Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323, 327
(1992). See also Smith v. Union and New Haven Trust Co.,121 Conn. 369, 371 (1936). The possessor's duty to maintain the property in a reasonably safe condition is non-delegable. The CT Page 515 possessor of property cannot relieve himself of his responsibility by contracting it away. Koskoff v. Goldman,86 Conn. 415, 420 (1912). See also Reardon v. Shimelman,102 Conn. 383, 386 (1925); Hurlburt v. Sherman, 116 Conn. 102, 106 (1935);Tarzia v. Great Atlantic and Pacific Tea Co., 52 Conn. App. 136,148-149 (1999); and D. Wright, J. Fitzgerald, W. Ankerman, Connecticut Law of Torts (3d Ed. 1991), § 55, p. 146.
The non-delegable attribute of the duty of a possessor of land to keep the land reasonably safe means that it is an exception to the general rule that an employer is not liable for the negligent acts of an independent contractor. Ray v. Schneider,16 Conn. App. 660, 663-664 (1988). See also 2 Restatement (Second), Torts, § 409, comment (b), pp. 370-371 for the principle that non-delegable duties of an employer are an exception to general rule that the employer is not liable for the negligence of an independent contractor and 2 Restatement (Second), Torts, § 422 and § 425 for the specific rule that a possessor of land, who has retained possession of the land, is liable for the unsafe conditions caused by the negligent acts or omissions of an independent contractor. "The rule stated in this Section makes it impossible for a possessor of land to escape liability for the non-performance of his duty to maintain his land in safe condition, so long as he is in possession of it, by delegating the task of doing the work necessary to the performance of that duty to an independent contractor." 2 Restatement (Second), Torts, § 422, comment (e). See also, F. Harper, F. James O. Gray, Torts, (2d. Ed. 1986) § 26.11, p. 83-88.
The law insures that the possessor of the property does not escape liability for the nonperformance of his duty to maintain the property reasonably safe by making the possessor of the land vicariously liable for the negligent acts of the independent contractor. W. Prosser W. Keeton, Torts (5th Ed. 1984) § 71, p. 511. See also 1 Restatement (Second), Agency, § 214 (1958). Under traditional principles of vicarious liability, the principal is liable for the negligent acts or omissions of his agent even though the principle is free from negligence or other fault. F. Harper, F. James O. Gray, Torts, (2d. Ed. 1986) § 26.1, p. 2. "Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other. Its true basis is largely one of public or social policy under which it has been determined that, CT Page 516 irrespective of fault, a party should be held to respond for the acts of another." (Internal quotation marks and citations omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 720
(1999).
Under the principle of vicarious liability, the negligence of the agent is imputed to the principal. W. Prosser W. Keeton, Torts (5th Ed. 1984) § 69, p. 499. The principal's liability is not based on his own personal negligence but on the negligence of his agent. Although the principal and the agent may both be liable for the wrong, there is only one set of negligence — that of the agent.[2]
Since there are not separate acts of negligence by the principal and the agent, there is nothing to apportion. "The liability of a master for the acts of a servant, or that of a principal, in exceptional circumstances, for those of a non-servant agent, within the scope of the employment or agency, stands upon grounds that do not support apportionment. Under the doctrine of respondent superior, the master becomes responsible for the same act for which the servant is liable, and for the same consequences. Ordinarily, there is a sound basis for indemnity, but not for any apportionment of damages between the two." W. Prosser W. Keeton, Torts (5th Ed. 1984) § 52, p. 346.
The principle underlying the enactment of Connecticut's apportionment statute, § 52-572h, was that a negligent defendant, instead of being joint and severally liable for the entire amount of damages, should be liable only for that proportion of damages for which he or she was responsible. Bhinder v. Sun Company,Inc., 246 Conn. 223, 238 (1998). Since the defendant Kmart, as the possessor of the premises, is responsible for any negligence of its independent contractor, the apportionment defendant Cherry Hill, in failing to maintain the premises in a reasonably safe condition, there are no damages to apportion between the two of them.
The defendant is not necessarily left without a remedy by the unavailability of apportionment. Kmart may seek indemnification against Cherry Hill for any damages awarded against it as a result of Cherry Hill's negligence.[3] See Kaplan v. MerbergWrecking Co., 152 Conn. 405 (1965) and Preferred AccidentInsurance Company of New York v. Musante, Berman and SteinbergCompany, Inc., 133 Conn. 536, (1947). CT Page 517
For the foregoing reasons, the defendant Kmart's apportionment complaint fails to comply with General Statutes § 52-102b(a) and Cherry Hill's motion to strike the apportionment complaint is hereby granted.
BY THE COURT
Judge Jon M. Alander